United States District Court for the District of Columbia
333 Constitution Avenue, NW, Room 1225, Washington, DC 20001

Sai
*Plaintiff*
+1 510 394 4724
PO Box 401159, San Francisco, CA 94110

v.

Transportation Security Administration (TSA)
*Defendant*

Civil Action No.:

**14-403
ESH**

[Handwritten annotations: "Leave to file under seal" / "Leave to file is granted" / "Motion for leave to proceed in forma pauperis" / "for appointment of counsel" / "one prev... w/ previous" / signature 1/30/14 / "2/18/14" signature]

**Plaintiff's *Ex Parte* Notice of Filing Fee Surety**

As the plaintiff in the above proceeding, I filed an *ex parte* motion for leave to file, under seal and *ex parte*, a motion to proceed *in forma pauperis* and appointment of attorney.

FRCP 4(b) says that the Clerk "must sign, seal, and issue" summons when properly presented. I have done so, but the Clerk has refused to issue me summons (or a case number)[1] until this Court's IFP panel reviews my motion, which will take "4-6 weeks". By contrast, the Clerk has said that they will do so immediately if they receive a check for the filing fee.

Failure to immediately have my case accepted and summons issued would substantially and irreparably prejudice my case. My basis for jurisdiction relies in part on my constructive exhaustion of administrative remedy. If defendant TSA responds to my FOIA/PA requests before my filing is accepted, that basis would be harmed by the Clerk's delay.

---

[1] I have looked through the FRCP 2013, as well as this Court's local rules 2011-07-06, 2013-05 supplement, and 2013-10 changes, and found no basis for not immediately issuing a case # and 4(b) summons merely because a motion to file an IFP motion under seal has been filed. I am not a prisoner or vexatious litigant, have no prior cases pending in this Court, and am not subject to pre-filing review. Should the Court deny an IFP motion, it always has the option to order a plaintiff to alternatively pay the filing fee or have the case dismissed without prejudice.

RECEIVED
JAN -7 2014
Clerk, U.S. District and
Bankruptcy Courts

1

Therefore, I have submitted with this notice a check for the $400 filing fee as a surety, so that my case is not prejudiced by any delay in accepting my properly presented complaint and summons.

Nevertheless, I do not retract my motion to file an IFP motion under seal. It is still true that $400 is in excess of what I can reasonably pay, and that I wish to file a motion to proceed IFP, but only if I may do so *ex parte* and under seal.

As I said in my motion to file under seal, if I am not granted leave to file an IFP motion *ex parte* and under seal, I will be forced to pay the Court's filing fee in order to protect my personal privacy, as I am not willing to have my personal finances made public record. The 1st Cir. Ct. App. opinion that I cited supports that I *should* be allowed to file an IFP motion under seal.

However, should my motion to file an IFP motion under seal be denied, or should the motion to file under seal be approved and my subsequent (sealed) motion to file IFP be denied, I authorize the Court to keep my attached $400 surety as my filing fee.

In the meantime, I am paying the filing fee as a surety, in order that my case not be prejudiced by being accepted, filed, and summonsed in an untimely manner, and request that my motion to file IFP, and my IFP motion itself, be considered *in parallel* with the timely continuance of this case.

Respectfully submitted,

Sai, *plaintiff pro se*

dccc@s.ai

+1 510 394 4724

PO Box 401159, San Francisco, CA 94110