UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-0403 (ESH) |
| | ) |
| TRANSPORTATION SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# MEMORANDUM OPINION

Plaintiff Sai, proceeding *pro se*, brings this action against the U.S. Transportation Security Administration ("TSA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act ("PA"), 5 U.S.C. § 552a. Before the Court is plaintiff's motion for a preliminary injunction mandating that TSA produce certain documents. (Mot., June 16, 2014 [Dkt. No. 20] at 1.) Upon consideration of plaintiff's motion, defendant's opposition, plaintiff's reply, and the entire record herein, the Court will deny plaintiff's motion.

## BACKGROUND

According to his initial complaint,[1] plaintiff submitted four FOIA/PA requests to TSA during February and March of 2013. (Compl., March 13, 2014 [Dkt. No. 5] ¶¶ 43, 54, 60, 64.) Two of plaintiff's FOIA/PA requests relate to his allegations that he was discriminated against when proceeding through TSA security checkpoints on two separate occasions, the first at Logan Airport in Boston ("BOS"), and the second at San Francisco International Airport ("SFO"). (*Id.*

---

[1] After filing this motion for a preliminary injunction, plaintiff filed a motion to amend his complaint to join additional parties and add new facts and claims, including claims relating to additional FOIA/PA requests. (*See* Mot. for Leave to File Amended/Suppl. Compl., June 17, 2014 [Dkt. No. 21].)

¶¶ 44, 61.) These requests sought TSA records and communications (including surveillance footage) pertaining to the incidents, as well as records of similar complaints against TSA. (*Id.* ¶¶ 44, 61.) Plaintiff also filed separate Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, grievances with TSA with regard to both alleged incidents of discrimination. (*Id.* ¶¶ 43, 60.) The other two FOIA/PA requests identified in plaintiff's complaint, although related to TSA security checkpoint policies and procedures, do not specifically pertain to TSA's alleged discrimination against plaintiff at BOS and SFO. (*Id.* ¶¶ 54, 64.)

By November 23, 2013, TSA had not provided plaintiff with formal responses to his ADA and Rehabilitation Act grievances. On that day, plaintiff filed an additional FOIA/PA request with the TSA FOIA division requesting

> *all* documents, records, statements, surveillance video, external and internal correspondence, etc., that are currently or have ever been in the TSA's possession which relate to either of the two incidents I reported wherein the TSA violated my rights (BOS 2013-01-21 and SFO 2013-03-01).

(E-mail from Pl. to TSA Office of Disability Policy & Outreach *et al.*, Nov. 23, 2013 [Dkt. No. 29-3] at 11.)[2] Plaintiff now moves the Court for a preliminary injunction "mandating that TSA release to [plaintiff] all of its responses to his Rehabilitation Act grievances regarding TSA and its agents' violations of [plaintiff's] rights at BOS and SFO airports." (Mot. at 1.) Plaintiff's motion solely concerns his November 2013 FOIA/PA request. (*Id.* at 2.) The TSA opposes plaintiff's motion, arguing, *inter alia*, that the requested injunction impermissibly seeks relief

---

[2] In a declaration supporting TSA's opposition to plaintiff's motion, Acting TSA FOIA Officer Amanda Deplitch stated that the "TSA FOIA office does not have a record in its FOIA system of any requests from Plaintiff in November 2013." (Dep. of Amanda Deplitch, June 25, 2014 [Dkt. No. 27-1] ¶ 5.) Plaintiff, however, as an attachment to another filing, provided evidence that he submitted the disputed FOIA/PA request to the TSA FOIA office via e-mail on November 23, 2013. In his reply, he also submitted evidence of the TSA FOIA office's auto-response acknowledging his November 2013 FOIA/PA request. (E-mail from TSA FOIA Office to Pl., Nov. 23, 2013 [Dkt. No. 31-1].)

beyond the scope of the lawsuit and, in any event, that plaintiff's has failed to meet the high bar for a preliminary injunction. (Def.'s Opp'n to Mot. for Preliminary Injunction, June 25, 2014 [Dkt. No. 27] at 4-5.)

## ANALYSIS

### I. LEGAL STANDARD

A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The traditional preliminary injunction standard requires the district court to balance four familiar factors

> (1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the non-movant, and (4) public interest.

*Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). "[T]he movant has the burden to show that all four factors, taken together, weigh in favor of the injunction." *Id.* at 1292. But if the movant fails to demonstrate a likelihood of success on the merits, the court "need not consider the other factors." *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Housing and Urban Dev.*, 639 F.3d 1078, 1089 (D.C. Cir. 2011); *accord Gilardi v. U.S. Dep't of Health & Human Servs.*, 733 F.3d 1208, 1211 (D.C. Cir. 2013). Likewise, "since '[t]he basis of injunctive relief in the federal courts has always been irreparable harm,'" a court need not balance the other factors if the movant makes no showing of irreparable harm. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

Moreover, where, as here, the injunction requested is a mandatory one that would require defendant to undertake "some positive act," the movant "must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction." *Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo–Mitsubishi Ltd.*, 15 F. Supp. 2d 1, 4 (D.D.C. 1997) (quotation marks omitted); *accord Elec. Privacy Info. Ctr. v. Dep't of Justice* (*EPIC*), -- F. Supp. 2d. ---, 2014 WL 521544, *5 (D.D.C. Feb. 11, 2014).

## II. THE COURT HAS JURISDICTION OVER PLAINTIFF'S MOTION

Before proceeding to the merits, the Court must first assure itself that it has subject matter jurisdiction over plaintiff's motion. *See NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008). As a general rule, "a preliminary injunction may not issue when it is not of the same character as that which may be granted finally and when it deals with matter outside the issues in the underlying suit." 11A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure*: *Civil* § 2947 (3d ed.); *see De Beers*, 325 U.S. at 220 (a preliminary injunction is inappropriate when it would provide relief that "in no circumstance" could be provided "in any final injunction that may be entered"). This established rule is not based solely in equitable considerations of fairness to the non-movant, but instead cuts to the subject matter jurisdiction of the court. Thus, just as a court lacks jurisdiction over a motion for a preliminary injunction in the absence of a complaint, *see* Fed. R. Civ. P. 3; *Matter of Warrant Authorizing Interception of Oral Commc'ns within Premises Known as 165 Atwells Ave., Providence, R. I.*, 673 F.2d 5, 7 (1st Cir. 1982), the court also lacks jurisdiction over a motion when it "raises issues different from those presented in the complaint." *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002); *accord Stewart v. U.S.*

4

*Immigration and Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985); *Baldwin v. Bader*, 2008 WL 564642, at *3 (D. Me. Feb. 28, 2008).

TSA argues that plaintiff's motion seeks relief beyond the scope of his initial complaint. (Opp'n at 4-5.) While plaintiff's complaint focuses primarily on his February and March 2013 FOIA/PA requests, plaintiff does specifically identify his November 2013 FOIA/PA request in the complaint and further alleges TSA's non-compliance with statutory deadlines as to that request. (*See* Compl. ¶¶ 95-104.) Moreover, plaintiff seeks in his complaint broad relief – including production of requested documents – as to "all" of his FOIA/PA requests. (*See, e.g.*, *id.* ¶¶ 228-29, 232.) Construed liberally – as the court must – plaintiff's complaint seeks a court order requiring TSA to produce documents requested in his November 2013 FOIA/PA request. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). Thus, the Court concludes that the preliminary injunctive relief plaintiff now seeks falls within the scope of his initial complaint, and therefore the Court has subject matter jurisdiction over this motion.

## III. PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

Plaintiff's motion seeks fairly narrow relief. Plaintiff does not seek a preliminary injunction requiring expedited release of all documents responsive to his numerous FOIA/PA requests; nor does he even request an injunction requiring TSA's expedited release of all documents responsive to solely his November 2013 FOIA/PA request. (*See* Mot. at 1 n.2.) Instead, he seeks only TSA's "responses to [his] Rehabilitation Act grievances . . . regardless of their state of 'review' or composition." (*Id.* at 1.)

5

Courts have on occasion issued preliminary injunctions requiring an agency's expedited release of responsive documents under FOIA. *See Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 66 (D.D.C. 2006) (collecting cases); *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 35 (D.D.C. 2006) (same); *cf. Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms."). Even considering the narrowness of plaintiff's requested relief, however, the Court concludes that plaintiff is not entitled to a preliminary injunction because he has failed to demonstrate any – let alone "very serious" – irreparable harm that would befall him absent the extraordinary relief of a preliminary injunction.[3]

While "[t]he concept of irreparable harm does not readily lend itself to definition," *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 10 (D.D.C. 2007), "it is undisputed that '[t]he irreparable injury requirement erects a very high bar for a movant.'" *EPIC*, 2014 WL 521544 at *8 (quoting *Coal. for Common Sense in Gov't Procurement v. United States*, 576 F. Supp. 2d 162, 168 (D.D.C. 2008)). In this regard, courts are guided by "several well known and indisputable principles." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). "First, the injury must be both certain and great" and "actual and not theoretical." *Id.* Second, "economic loss does not, in and of itself, constitute irreparable harm." *Id.* Finally, the movant "must show '[t]he injury complained of is of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm,'" and that the injury is in fact "beyond remediation." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Wisconsin Gas*, 758 F.2d at 674).

---

[3] Because plaintiff fails to demonstrate any irreparable injury, the Court does not consider the other preliminary injunction factors. *See CityFed Fin. Corp.*, 58 F.3d at 747.

Plaintiff's principal argument that he has been and continues to be irreparably harmed by TSA's failure to "timely" respond to his requests and produce responsive documents (Mot. at 3) is without merit. In effect, plaintiff would have this Court conclude *any* delay is "*per se*" irreparable harm. (Pl.'s Reply to TSA's Opp'n ("Reply"), July 2, 2014 [Dkt. No. 31] at 5.) But, as other courts have recognized, "there is no indication[] that our Circuit Court would sanction such a sweeping contention in the context of FOIA litigation." *Judicial Watch*, 514 F. Supp. 2d at 10; *see also EPIC*, 2014 WL 521544 at *9-10; *Long v. Dep't of Homeland Sec.*, 436 F. Supp. 2d 38, 43 (D.D.C. 2006). Indeed, under FOIA, it is difficult for a plaintiff to demonstrate "irreparable harm" that is in fact "beyond remediation" because he is entitled to obtain all responsive and non-exempt documents at the conclusion of the litigation. *See EPIC*, 2014 WL 521544 at *10; *Judicial Watch*, 514 F. Supp. 2d at 10. "[A]lthough [a] plaintiff's desire to have [his] case decided in an expedited fashion is understandable, that desire, without more, is insufficient to constitute the irreparable harm necessary to justify the extraordinary relief" of a preliminary injunction. *Judicial Watch*, 514 F. Supp. 2d at 10.

To be sure, a movant's general interest in timely processing of FOIA requests may be sufficient to establish irreparable harm if the information sought is "time-sensitive." *See Judicial Watch*, 514 F. Supp. 2d at 10. In this regard, plaintiff implores the Court to consider the "larger context of news and public interest reporting on a nationwide, multi-year pattern and practice of TSA violations of individuals' rights at checkpoints." (Mot. at 4; *see also* Reply at 6.)[4] While

---

[4] Plaintiff also speculates that TSA's responses to his Rehabilitation Act claims are "of material relevance to [his] regular travel through TSA checkpoints," their production "would materially affect TSA agents' behavior towards [him] and many other similarly situated travelers with disabilities," and therefore TSA's failure to produce the responses "subjects [him] to an unavoidable increased risk of further injury to my civil rights at the hands of TSA's agents." (Mot. at 3-4.) These conclusory statements, found only in plaintiff's motion and unsupported by any record evidence, are insufficient to establish the required "imminence" and "irreparability" of the asserted harms.

this argument gets closer to those FOIA cases in which courts have found irreparable harm, *e.g.*, *Washington Post*, 459 F. Supp. 2d at 74, the Court concludes that plaintiff has not provided enough evidence to demonstrate the time-sensitivity of and public concern over the "specific subject" of the TSA's responses to plaintiff's Rehabilitation Act grievances. *Cf. Elec. Privacy Info. Ctr. v. Dep't of Def.*, 355 F. Supp. 2d 98 (D.D.C. 2004) ("Fatal to [plaintiff's] request for expedited treatment is the failure in its original FOIA to demonstrate that there is any current public interest in the *specific subject* of that request." (emphasis added)). Plaintiff provides conclusory allegations (Reply at 6), but no evidence that TSA's responses to his Rehabilitation Act grievances would be "vital to [any] current and ongoing debate" about TSA security checkpoint practices, *see Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 41, or otherwise of "vital public interest for an upcoming congressional election," *Washington Post*, 459 F. Supp. 2d at 74-75, or congressional or agency decision-making process requiring public input, *cf. Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005) ("urgency" element for expedited processing met because of "upcoming expiration of the special provision of Voting Rights Act").[5]

Thus, plaintiff "has failed to demonstrate *any* time sensitive need for [the requested] information that will be irreparably lost if disclosure does not occur immediately" and this case is allowed to proceed down the typical path of FOIA litigation. *See Judicial Watch*, 514 F. Supp. 2d at 10. Indeed, plaintiff's contention that he (and others) "will be irreparably harmed unless

---

[5] On July 6, 2014, plaintiff filed a motion to supplement his reply brief, which includes "additional legal argument and case citations" as well as "letters from third parties who have written the court to express their interest" in his FOIA action. (Pl.'s Mot. to Suppl. Reply to TSA's Opp'n, July 6, 2014 [Dkt. No. 33] at 1.) Even considering plaintiff's new arguments and evidence as to public interest in his FOIA action, he still fails to demonstrate the level of exigency required for a preliminary injunction. *See Wadelton v. Dep't of State*, 941 F. Supp. 2d 120, 123 (D.D.C. 2013). Thus, the Court will deny the motion *sua sponte*.

[he] receives the requested records quickly so that the public can participate fully in the ongoing debate is not only unproven, it is also fundamentally flawed because it ignores the well-established statutory FOIA process, which permits government agencies to withhold certain requested documents and to engage in subsequent litigation over them, without regard to the resulting production delay." *EPIC*, 2014 WL 521544 at *9.[6]

Therefore, the Court will deny plaintiff's motion for a preliminary injunction. The Court need not do more than exercise its ordinary jurisdiction over this FOIA action. *CREW*, 711 F.3d at 189 n.7 (noting that "[a] district court may of course consider FOIA cases in the ordinary course" because "[t]here is no statutory mandate for district courts to prioritize FOIA cases ahead of other civil cases on their dockets").[7] An Order consistent with this Memorandum Opinion will be entered on this date.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 7, 2014

---

[6] The Court recognizes, as other courts have, the relationship between the irreparable harm analysis and the FOIA inquiry into whether plaintiff has an "urgency to inform" and thus a "compelling need" for expedition. *See* 5 U.S.C. § 552(a)(6)(E)(i). Plaintiff's failure to provide evidence that would support a finding of an "urgency to inform" under the three-factor test in *Al-Fayed v. CIA*, 254 F.3d 300, 310-11 (D.C. Cir. 2001), makes it "hard to see how [he] would be irreparably harmed" by this litigation proceeding in normal course. *Long*, 436 F. Supp. 2d at 44; *see also Wadelton*, 941 F. Supp. 2d at 123-24.

[7] In his reply brief, plaintiff moves for "appropriate sanctions against TSA," TSA's counsel, and Amanda Deplitch for their allegedly knowingly false statements in the TSA's opposition to plaintiff's motion regarding the existence of plaintiff's November 2013 FOIA/PA request. (Reply at 8.) The Court will deny plaintiff's motion for sanctions, as there is no evidence that the statements – although now shown to be false – were made knowingly and in bad faith.