**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **Sai,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Case No: 14-403 (RDM)** |
| | ) |
| **Transportation Security Administration,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

_____)

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, the Transportation Security Administration ("TSA"), by and through

undersigned counsel, hereby answers Plaintiff's Complaint.

### FIRST DEFENSE

With respect to some of Plaintiff's claims, the Court lacks subject matter jurisdiction.

### SECOND DEFENSE

The Freedom Of Information Act ("FOIA") requests that are the subject of this

Complaint implicate information that is protected from disclosure by one or more statutory

exemptions.  Disclosure of such information is not required or permitted.

### THIRD DEFENSE

Plaintiff failed to exhaust his administrative remedies as to some or all of his claims.

### FOURTH DEFENSE

Plaintiff failed reasonably to specify records requested and refused to narrow the scope of

his requests, which were unreasonably burdensome and would require an unreasonable amount

of effort to locate responsive records.

### FIFTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE

With respect to the specifically-numbered paragraphs of the Complaint, Defendant responds as follows.

**Summary[1]**

1.   Paragraph 1 contains legal conclusions to which no response is required, but to the extent that a response may be required, Defendant denies the same.  Defendant further denies that it has failed to respond to Plaintiff's (unidentified) multiple requests for records and otherwise denies the allegations in Paragraph 1.

2.   Paragraph 2 contains Plaintiff's request for relief to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 2.

3.   Paragraph 3 contains statements regarding matters related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 3.

4.   Paragraph 4 contains Plaintiff's characterization of the Complaint and legal conclusions to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 4 and further avers that matters related to Plaintiff's Rehabilitation Act grievance(s) are outside the scope of this litigation.

5.   Paragraph 5 contains Plaintiff's characterization of the lawsuit and legal conclusions to which no response is required.  To the extent that a response may be required, Defendant admits

---

[1] Where Defendant has included in the answer headings from the Complaint, Defendant has done so only for ease of reference; Defendant does not thereby admit the accuracy of the headings.

that matters related to TSA's conduct during Plaintiff's screenings at Boston Logan International Airport (BOS) and San Francisco International Airport (SFO) are outside the scope of this FOIA litigation.  Defendant otherwise denies the allegations in Paragraph 5.

6.   Paragraph 6 contains Plaintiff's characterization of the complaint and legal conclusions to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 6.

7.   Paragraph 7 contains Plaintiff's request to the Court to which no response is required, but to the extent that a response may be required, Defendant denies the same.

8.   Paragraph 8 contains Plaintiff's request regarding communications to which no response is required, but to the extent that a response may be required, Defendant denies the same.

**Jurisdiction and Venue**

9.   Paragraph 9 contains legal conclusions to which no response is required.  To the extent that a response may be required, Defendant admits that it is not contesting venue in this Court and otherwise denies the allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required.  To the extent that a response may be required, Defendant admits that it is a federal agency subject to the provisions of Freedom of Information Act (FOIA), 5 U.S.C. § 552, et seq., the Privacy Act of 1974 (PA), 5 U.S.C. § 552a, et seq., and that certain Department of Homeland Security (DHS) FOIA and PA regulations apply to TSA, 6 C.F.R. Ch. 1 and Pt. 5.  Defendant otherwise denies the allegations in Paragraph 10.

11. Defendant admits that Plaintiff has submitted multiple FOIA/PA requests to Defendant. Defendant otherwise denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Paragraph 13 contains Plaintiff's characterization of himself to which no response is required. To the extent that a response may be required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13, and as such denies the same.

14.-16.     Paragraphs 14-16 contain characterizations of material on websites to which Plaintiff refers by hyperlinks. As such, no response is required. To the extent that a response may be required, Defendant denies the allegations in Paragraphs 14-16 to the extent that they are inconsistent with the material available on the referenced websites or reflect Plaintiff's subjective opinions about the facts presented therein.

17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17, and as such, denies the same.

18.-21.     Defendant denies the allegations in Paragraphs 18 to 21.

22.-23.     Paragraphs 22-23 contain legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations in Paragraphs 22-23.

**Statutory Framework**

24.-41.     Paragraphs 24-41 contain legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations in Paragraphs 24-41.

**Primary Facts Underlying Plaintiff's Claim for Relief**

42. Defendant admits that Plaintiff went through a TSA screening checkpoint at Boston Logan Airport ("BOS") on January 21, 2013. Defendant otherwise lacks sufficient information to admit or deny the allegations in Paragraph 42, and as such, denies the same.

43. Paragraph 43 alleges facts related to Logan Airport, MA Port Authority Police, Massport, and individual TSA agents, non-parties to this litigation, and alleges facts related to Plaintiff's Rehabilitation Act grievance(s). As such, these allegations are immaterial, outside the scope of

this litigation, and no response is required.  To the extent that a response may be required, Defendant admits that Plaintiff submitted a FOIA/PA request, dated January 28, 2013, that was received by Defendant on February 5, 2013.  Defendant further admits that Plaintiff submitted an administrative complaint under the Rehabilitation Act on or about January 26, 2013.  Defendant otherwise denies the allegations in Paragraph 43.

44. Paragraph 44 contains characterizations of Plaintiff's request.  Defendant refers the Court to the request (ECF No. 27-1, Ex. A) and otherwise denies the allegations in Paragraph 44 to the extent they are inconsistent with the contents of the request.   Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

45. Paragraph 45 alleges facts related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that an email dated January 26, 2013 was sent to Plaintiff.  Defendant respectfully  refers the Court to the email for a full, fair and accurate account of its contents, and notes that it is a matter of public record in Case No. 14-1876 (ECF No. 51-2, at 122-23).  Defendant denies the allegations in Paragraph 45 to the extent they are inconsistent with the contents of the email.

46.  Defendant admits that Plaintiff's FOIA/PA request, dated January 28, 2013, was originally labeled as TSA13-0375.  Defendant otherwise denies the allegations in Paragraph 46.

47. Defendant admits that Plaintiff's FOIA/PA request, dated January 28, 2013, was administratively closed on February 7, 2013.  Defendant otherwise denies the allegations in Paragraph 47.

48. Defendant admits that it did not produce responsive materials within ten days of receiving Plaintiff's request and otherwise denies the allegations in Paragraph 48.

49.-50.     Paragraphs 49-50 allege facts related to Massport and its employee, neither of whom are parties to this litigation.  As such, the allegations are immaterial, outside the scope of the litigation and no response is required.  To the extent that a response may be required, Defendant lacks sufficient information to form an opinion as to the truth of these allegations, and therefore denies the allegations in Paragraphs 49-50.

51. Paragraph 51 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 51.

52. Defendant admits that on February 15, 2013, Paul Sotoudeh of TSA's FOIA Office sent Plaintiff an email regarding TSA13-0375/2013-TSPA-00368 that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 52.

53. Paragraph 53 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff's FOIA/PA request, dated January 28, 2013, was re-opened on February 20, 2013, as TSA13-0414 and otherwise denies the allegations in Paragraph 53.

54. Defendant admits that Plaintiff sent a FOIA request via email to Paul Sotoudeh on February 22, 2013.  Defendant refers the Court to the request (ECF No. 27-1, Ex. C) and otherwise denies the allegations in Paragraph 54 to the extent they are inconsistent with the contents of the request.

55. Defendant admits that Plaintiff's FOIA request, dated February 22, 2013, was originally labeled TSA13-0424 and otherwise denies the allegations in Paragraph 55.

56.-57.     Denied.

58. Defendant admits that Plaintiff went through a TSA screening checkpoint at San Francisco International Airport (SFO) on March 1, 2013.  Defendant otherwise denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Paragraph 60 alleges facts related to the "DoJ ADA office," San Francisco International Airport, Covenant Airport Security, and individual TSA agents, as well as facts related to Plaintiff's Rehabilitation Act grievance(s).  As such, these allegations are immaterial, outside the scope of this litigation, and no response is required.  To the extent that a response may be required, Defendant admits that Plaintiff submitted to Defendant a FOIA and Privacy Act request, dated March 15, 2013.  Defendant further admits that Plaintiff filed an administrative complaint under the Rehabilitation Act on March 15, 2013.   Defendant otherwise denies the allegations in Paragraph 60.

61. Paragraph 61 contains characterizations of Plaintiff's FOIA request.  Defendant refers the Court to the request (ECF No. 27-1, Ex. D) and otherwise denies the allegations in Paragraph 61 to the extent they are inconsistent with the contents of the request.

62. Paragraph 62 appears to contain statements regarding matters related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response is required, Defendant admits the allegations in Paragraph 62.

63. Defendant admits that Plaintiff's FOIA/PA request, dated March 15, 2013, was originally labeled TSA13-0488.  Defendant otherwise denies the allegations in Paragraph 63.

64. Paragraph 64 contains characterizations of Plaintiff's FOIA request.  Defendant admits that Plaintiff sent a FOIA request via email to Paul Sotoudeh on March 16, 2013.  Defendant

refers the Court to the request (ECF No. 27-1, Ex. E) and otherwise denies the allegations in

Paragraph 64 to the extent they are inconsistent with the contents of the request.

65. Defendant admits that Plaintiff's FOIA request was originally labeled TSA13-0494.

Defendant otherwise denies the allegations in Paragraph 65.

66. Paragraph 66 alleges facts related to San Francisco Deputy City Attorney/Airport

Division Stacey Lucas who is not a party to this litigation.  As such, the allegations are

immaterial, outside the scope of the litigation, and no response is required.  To the extent that a

response may be required, Defendant lacks sufficient information to form a belief regarding the

truth of these allegations, and therefore denies the same.

67.-68.     Defendant admits that it did not respond to Plaintiff's requests within twenty days

of receipt and otherwise denies the allegations in this paragraph.

69. Paragraph 69 alleges facts related to Plaintiff's Rehabilitation Act grievance(s) which are

immaterial, outside the scope of this litigation and to which no response is required.  To the

extent that a response may be required, Defendant admits that Plaintiff sent an email dated

March 21, 2013.  Defendant refers this Court to the email, which speaks for itself and which is a

matter of public record in Case No. 14-1876 (ECF No. 51-2, at 66).  Defendant otherwise denies

the allegations in Paragraph 69 to the extent they are inconsistent with the contents of the email.

70. Paragraph 70 contains characterizations of communications which are immaterial, outside

the scope of the litigation and to which no response is required.  To the extent that a response

may be required, Defendant lacks sufficient information to form a belief as to the truth of those

allegations, and as such denies the same.

71. Defendant admits that it did not produce responsive materials within ten days of

receiving Plaintiff's request and otherwise denies the allegations in this paragraph.

72. Defendant admits that on March 25, 2013, TSA sent a letter to Plaintiff regarding TSA13-0494/2013-TSFO-00239 that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 72.

73. Defendant admits that on March 25, 2013, TSA sent a letter to Plaintiff regarding TSA13-0488/2013-TSPA-00339 that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 73.

74. Defendant admits that it did not produce responsive materials within ten days of receiving Plaintiff's request and otherwise denies the allegations in this paragraph.

75. Paragraph 75 alleges facts that are immaterial, outside the scope of the litigation, and redundant of facts alleged in Paragraph 14.  As such, no response is required.  To the extent that a response may be required, Defendant incorporates by reference its response set forth in Paragraph 14 and otherwise denies the allegations in Paragraph 75.

76. Paragraph 76 contains characterizations of an email that speaks for itself, and as to which no response is required.  To the extent that a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 76.

77. Paragraph 77 contains characterizations of communications between Plaintiff and Stacey Lucas, who is not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response is required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 77.

78. Paragraph 78 alleges facts that are immaterial, outside the scope of the litigation, and redundant of facts alleged in Paragraph 14.  As such, no response is required.  To the extent that

a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 78.

79. Paragraph 79 alleges facts that are immaterial, outside the scope of the litigation, and redundant of facts alleged in Paragraph 14.  As such, no response is required.  To the extent that a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 79.

80. Paragraph 80 alleges facts that are immaterial, outside the scope of the litigation, and redundant of facts alleged in Paragraph 14.  As such, no response is required.  To the extent that a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 80.

81. Paragraph 81 alleges facts that are related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required. To the extent that a response may be required, Defendant admits that an email dated April 5, 2013 was sent to Plaintiff.  Defendant refers this Court to the email, which speaks for itself (ECF No. 28-3, 3).  Defendant otherwise denies the allegations in Paragraph 81 to the extent they are inconsistent with the contents of the email.

82. Paragraph 82 alleges facts related to communications between a TSA Public Affairs Manager and RightThisMinute, a non-party to this litigation.  As such, the allegations are immaterial, outside the scope of the litigation, and no response is required.   To the extent that a response may be required, Defendant admits that an email dated April 8, 2013 was sent by a TSA Public Affairs Manager to Maryal Miller of RightThisMinute, which speaks for itself. Defendant otherwise denies the allegations in Paragraph 82 as characterized by Plaintiff.

83. Paragraph 83 contains characterizations of communications related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that an email dated April 11, 2013 was sent to Plaintiff.  Defendant refers this Court to the email, which speaks for itself (ECF No. 28-3, 4).  Defendant otherwise denies the allegations in Paragraph 83 to the extent they are inconsistent with the contents of the email.

84.-85.     Defendant admits that it did not produce responsive materials within ten days of receiving Plaintiff's requests and otherwise denies the allegations in the Paragraphs 84-85.

86. Paragraph 86 contains characterizations of communications between a Massport employee, who is not a party to this litigation, and Plaintiff that are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraphs 86.

87. Paragraph 87 contains characterizations of communications related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that Plaintiff sent emails dated August 5, 6, and 8, 2013, and September 17, 2013.  Defendant refers this Court to the emails, which are a matter of public record in Case No. 14-1876 and speak for themselves (ECF No. 51-2, at 229-30).  Defendant otherwise denies the allegations in Paragraph 87 to the extent they are inconsistent with the content of those emails.

88. Paragraph 88 contains characterizations of communications related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits

that an email dated September 18, 2013 was sent to Plaintiff.  Defendant refers this Court to the email, which speaks for itself and which is a matter of public record in Case No. 14-1876 (ECF No. 51-2, at 244).  Defendant otherwise denies the allegations in Paragraph 88 to the extent they are inconsistent with the contents of the email.

89.-91.    Paragraphs 89-91 contain characterizations of email communications which speak for themselves and to which no response is required.  To the extent that a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations.

92. Paragraph 92 alleges facts related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that it did not notify Plaintiff of the results of the investigation into his Rehabilitation Act grievance(s) within 180 days.  Defendant otherwise denies the allegations in Paragraph 92.

93. Paragraph 93 alleges facts related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that an email dated November 4, 2013 was sent by Plaintiff.  Defendant refers this Court to the email, which speaks for itself (ECF No. 28-3, at 11).  Defendant otherwise denies the allegations in Paragraph 93 to the extent they are inconsistent with the contents of the email.

94. Paragraph 94 contains characterizations of communications between a TSA employee and Representative Nancy Pelosi, who is not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.   To the extent that a response may be required, Defendant admits that a letter, dated November 15, 2013, was sent

from the TSA Assistant Administrator for Legislative Affairs to Representative Pelosi that speaks for itself.  Defendant otherwise denies the allegations in Paragraph 94 as characterized by Plaintiff.

95. Paragraph 95 alleges facts related to Plaintiff's Rehabilitation Act grievance(s) and a California Public Records Act request which are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that Plaintiff sent an email dated November 23, 2013, and Defendant refers this Court to the email, which speaks for itself (ECF No. 28-3, at 11-12).  Defendant otherwise denies the allegations in Paragraph 95 to the extent they are inconsistent with the contents of the email.

96.-97.     Paragraphs 96-97 contain characterizations of an email communication. Defendant refers the Court to the email, which speaks for itself (ECF No. 28-3, at 12). Defendant otherwise denies the allegations in Paragraphs 96-97 to the extent they are inconsistent with the contents of the email.

98. Defendant admits that it did not produce responsive records within ten days of Plaintiff's November 23, 2013 email and otherwise denies the allegations in Paragraph 98.

99. Paragraph 99 contains characterizations of communications between a TSA employee and Representative Pelosi, who is not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.   To the extent that a response may be required, Defendant admits that a letter dated December 18, 2013, was sent from the TSA Assistant Administrator for Legislative Affairs to Representative Pelosi, which speaks for itself. Defendant otherwise denies the allegations in Paragraph 99 as characterized by Plaintiff.

100.     Defendant admits that it did not produce records within twenty days of Plaintiff's November 23, 2013 email and otherwise denies the allegations in Paragraph 100.

101.      Paragraph 101 alleges facts related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required. To the extent that a response may be required, Defendant admits that Plaintiff sent an email dated December 28, 2013.  Defendant refers this Court to the email, which speaks for itself (ECF No. 28-3, at 13-14).  Defendant otherwise denies the allegations in Paragraph 101 to the extent they are inconsistent with the contents of the email.

102.      Paragraph 102 contains characterizations of an email communication.  Defendant refers the Court to the email, which speaks for itself (ECF No. 28-3, at 14).  Defendant otherwise denies the allegations in Paragraph 102 to the extent they are inconsistent with the contents of the email.

103.-104.   Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraphs 103 and 104.

**Partial Summary of Legal Facts**

105.      Paragraph 105 contains legal conclusions and is redundant of facts alleged in Paragraphs 43, 54, 60, 64, and 95.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 43, 54, 60, 64, and 95 and otherwise denies the allegations in Paragraph 105.

106.      Paragraph 106 contains legal conclusions and is redundant of facts alleged in Paragraphs 43, 60, and 95.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 43, 60, and 95 and otherwise denies the allegations in Paragraph 106.

107.      Paragraph 107 contains legal conclusions and is redundant of facts alleged in Paragraph 47.  As such, no response is required.  To the extent that a response is required,

Defendant incorporates by reference its response set forth in Paragraph 47 and otherwise denies the allegations in Paragraph 107.

108.     Paragraph 108 contains legal conclusions and is redundant of facts alleged in Paragraph 53.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraph 53 and otherwise denies the allegations in Paragraph 108.

109.     Paragraph 109 contains legal conclusions and is redundant of facts alleged in Paragraphs 72 and 73.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 72 and 73 and otherwise denies the allegations in Paragraph 109.

110.     Paragraph 110 contains legal conclusions and is redundant of facts alleged in Paragraph 72 to which no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraph 72 and otherwise denies the allegations in Paragraph 110.

111.     Paragraph 111 contains legal conclusions and information redundant of facts alleged in Paragraphs 72, 73, 89, 91 and 104.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 72, 73, 89, 91, and 104 and otherwise denies the allegations in Paragraph 111.

112.     Paragraph 112 contains legal conclusions and information redundant of facts alleged in Paragraphs 72 and 104.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 72 and 104 and otherwise denies the allegations in Paragraph 112.

113.     Paragraph 113 contains legal conclusions and is redundant of facts alleged in Paragraphs 72, 73, and 103.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 72, 73, and 103 and otherwise denies the allegations in Paragraph 113.

114.     Paragraph 114 contains characterizations of matters related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of this litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that, in connection with processing Plaintiff's FOIA/PA requests, the FOIA office received documents related to Plaintiff's Rehabilitation Act grievance(s).  Defendant otherwise denies the allegations in Paragraph 114.

115.     Paragraph 115 contains characterizations of an email.  Defendant refers the Court to the email, which speaks for itself (ECF No. 28-3, at 11-12).  Defendant otherwise denies the allegations in Paragraph 115 to the extent they are inconsistent with the contents of the email.

116.     Paragraph 116 alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.   To the extent that a response may be required, Defendant lacks sufficient information to form a belief about the truth of these allegations, and therefore denies the allegations in Paragraph 116.

117.     Paragraph 117 alleges facts related to San Francisco International Airport, an entity not a party to this litigation, and to the release of CCTV that are immaterial and outside the scope of this litigation.  As such, no response is required.  To the extent that a response may be required, Defendant admits that it authorized the release of CCTV video footage of Plaintiff's March 1, 2013 screening at SFO after a determination that the video footage did not contain

Sensitive Security Information (SSI).  Defendant otherwise denies the allegations in this paragraph.

118.-119.   Paragraphs 118-119 contain legal conclusions and characterizations related to Massport, a non-party to this litigation, which are immaterial and outside the scope of the litigation.  As such, no response is required.   To the extent that a response may be required, Defendant denies the allegations in Paragraphs 118-119 related to Massport and otherwise denies the allegations in Paragraphs 118-119.

120.        Paragraph 120 is redundant of facts alleged in Paragraphs 94 and 99 and alleges facts related to Plaintiff's Rehabilitation Act grievance(s) that are immaterial and outside the scope of this litigation.  As such, no response is required.  To the extent that a response may be required, Defendant incorporates by reference its responses set forth in Paragraphs 94 and 99 and otherwise denies the allegations in Paragraph 120.

121.        Paragraph 121 contains characterizations of matters related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that it did not notify Plaintiff of the results of the investigation into his Rehabilitation Act grievance(s) within 180 days.  Defendant otherwise denies the allegations in Paragraph 121.

122.        Paragraph 122 contains legal conclusions and characterizations of matters related to Plaintiff's Rehabilitation Act grievance(s) which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 122.

123.-128.   Defendant denies the allegations in Paragraphs 123-128.

129.     Paragraph 129 contains legal conclusions to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 129.

130.     Paragraph 130 contains legal conclusions and characterizations of Defendant's conduct to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 130.

**Claims for Relief**

<u>**1.**</u>

131.     Defendant incorporates by reference its responses set forth in all preceding paragraphs.

132.     Paragraph 132 is redundant of facts alleged in Paragraphs 11, 43, 54, 60, 64, and 95.  As such, no response is required.  To the extent that a response may be required, Defendant incorporates by reference its responses set forth in Paragraphs 11, 43, 54, 60, 64, and  95 and otherwise denies the allegations in Paragraph 132.

133.     Paragraph 133 contains legal conclusions to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 133.

134.     Paragraph 134 contains legal conclusions and is redundant of facts alleged in Paragraph 24.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraph 24 and otherwise denies the allegations in Paragraph 134.

135.     Paragraph 135 contains legal conclusions and is redundant of facts alleged in Paragraphs 11, 123, and 126.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraphs 11, 123, and 126 and otherwise denies the allegations in Paragraph 135.

136.      Defendant denies the allegations in Paragraph 136.

137.      Paragraph 137 contains legal conclusions and relates to claims which have been denied by this Court (see ECF Nos. 34 and 42).  As such, no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 137.

138.-144.   Paragraphs 138-144 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 138-144.

**2.**

145.      Defendant incorporates by reference its responses set forth in all preceding paragraphs.

146.      Paragraph 146 is redundant of facts alleged in Paragraph 124.  As such no response is required.  To the extent that a response may be required, Defendant incorporates by reference its response set forth in Paragraph 124 and otherwise denies the allegations in Paragraph 146.

147-151.   Paragraphs 147-151 contain legal conclusions and relate to claims which have been denied by this Court (see ECF Nos. 34 and 42).  As such, no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraphs 147-151.

**3.**

152.      Defendant incorporates by reference its responses set forth in all preceding paragraphs.

153.      Defendant lacks sufficient information to form a belief regarding the truth of the allegations in Paragraph 153, and as such, denies the same.

154.-155.   Defendant denies the allegations in Paragraph 154-155.

156.     Paragraph 156 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 156.

157.-158.   Paragraphs 157-158 contain legal conclusions and are redundant of facts alleged in Paragraph 111.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraph 111 and otherwise denies the allegations in Paragraph 157-158.

159.     Paragraph 159 contains legal conclusions and is redundant of facts alleged in Paragraphs 72, 111, and 112.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 72, 111, and 112 and otherwise denies the allegations in Paragraph 159.

160.     Paragraph 160 contains legal conclusions and relates to claims which have been denied by this Court (see ECF No. 43).  As such, no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraphs 160.

161.-164.   Paragraphs 161-164 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 161-164.

**4.**

165.     Defendant incorporates by reference its responses set forth in all preceding paragraphs.

166.     Paragraph 166 contains a characterization of Plaintiff's FOIA request which is immaterial and to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 166.

167.-169.   Paragraphs 167-169 contain characterizations of a letter.  Defendant admits that on March 25, 2013, TSA sent a letter to Plaintiff regarding TSA13-0488/2013-TSFO-00339. Defendant respectfully refers the Court to the cited document for a full, fair and accurate account of its contents (ECF No. 27-1, Ex. D).  Defendant otherwise denies the allegations in Paragraph 167.

170.        Defendant denies the allegations in Paragraph 170.

171.        Paragraph 171 is redundant of facts alleged in Paragraph 167.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraph 167 and otherwise denies the allegations in Paragraph 171.

172.        Paragraph 172 contains legal conclusions and is redundant of facts alleged in Paragraph 111.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraph 111 and otherwise denies the allegations in Paragraph 172.

173.        Paragraph 173 contains legal conclusions and is redundant of facts alleged in Paragraphs 112 and 127.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 112 and 127 and otherwise denies the allegations in Paragraph 173.

174.-177.   Paragraphs 174-177 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 174-177.

**5.**

178.     Defendant incorporates by reference its responses set forth in all preceding paragraphs.

179.-180.   Paragraphs 179-180 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 179-180.

181.     Paragraph 181 contains legal conclusions and relates to claims which have been denied by this Court (see ECF No. 43).  As such, no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 181.

182.     Paragraph 182 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 182.

**6.**

183.     Defendant incorporates by reference its responses set forth in all preceding paragraphs.

184.     Paragraph 184 is redundant of facts alleged in Paragraphs 11, 43, 60, and 95.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its responses set forth in Paragraphs 11, 43, 60, and 95 and otherwise denies the allegations in Paragraph 184.

185.     Paragraph 185 contains characterizations of Plaintiff's Privacy Act requests and alleged Privacy Act request to which no response is required.  To the extent that a response is required, Defendant refers the Court to Plaintiff's requests and alleged request, which speak for themselves (ECF Nos. 27-1, Exhs. 1, C, D; 28-3 at 12).  Defendant otherwise denies the allegations in Paragraph 185 to the extent they are inconsistent with the requests and alleged requests.

186.        Paragraph 186 is redundant of facts alleged in Paragraph 123.  As such, no response is required.  To the extent that a response is required, Defendant incorporates by reference its response set forth in Paragraph 123 and otherwise denies the allegations in Paragraph 186.

187.-188.   Paragraphs 187-188 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 187-188.

189.        Defendant denies the allegations in Paragraph 189.

190.-196.   Paragraphs 190-196 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 190-196.

## 7.

197.        Defendant incorporates by reference its responses set forth in all preceding paragraphs.

198.-202.   Defendant denies the allegations in Paragraphs 198-202.

203.        Paragraph 203 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 203.

204.        Paragraph 204 contains legal conclusions and relates to claims which have been denied by this Court (see ECF No. 43).  As such, no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 204.

205.-206.   Paragraphs 205-206 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraphs 205-206.

**8.**

207.     Defendant incorporates by reference its responses set forth in all preceding paragraphs.

208.     Defendant denies and further avers that Plaintiff has received video of his screening at BOS on January 21, 2013.

209.     Paragraph 209 alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.   To the extent that a response may be required, Defendant denies the allegations in Paragraph 209.

210.     Paragraph 210 contains legal conclusions and alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies any allegations or inference herein.

211.     Paragraph 211 contains legal conclusions and alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant admits that it has a contract with Massport concerning CCTV and otherwise denies the allegations in Paragraph 211.

212.     Paragraph 212 contains legal conclusions and alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 212.

213.         Paragraph 213 alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 213.

214.         Paragraph 214 alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 214 and further avers that Plaintiff has received video of his screening at BOS on January 21, 2013.

215.      Paragraph 215 contains legal conclusions and alleges facts related to Massport, an entity not a party to this litigation, which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 215 and further avers that Plaintiff has received video of his screening at BOS on January 21, 2013.

216.      Paragraph 216 contains legal conclusions and alleges facts which are immaterial, outside the scope of the litigation, and to which no response is required.  To the extent that a response may be required, Defendant denies the allegations in Paragraph 216 and further responds that Congress has vested the authority for SSI determinations with TSA, *see* 49 U.S.C. § 114(r), and such determinations are reviewable exclusively in an appropriate United States Circuit Court of Appeals, *see* 49 U.S.C. § 46110.

217.-218.   Paragraphs 217-218 contain legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations in Paragraphs 217-218.

**9.**

219.        Defendant incorporates by reference its responses set forth in all preceding

paragraphs.

220.-221.   Paragraphs 220-221 contain legal conclusions to which no response is required.

To the extent that a response may be required, Defendant denies the allegations in Paragraphs

220-221.

222.        Paragraph 222 contains legal conclusions and relates to claims which have been

denied by this Court (see ECF No. 43).  As such, no response is required.  To the extent that a

response may be required, Defendant denies the allegations in Paragraph 222.

223.-225.   Paragraphs 223-225 contain legal conclusions to which no response is required.

To the extent that a response may be required, Defendant denies the allegations in Paragraphs

223-225.

**Prayer for Relief**

Paragraphs 226 through 241 of the Complaint contain a Prayer for Relief, to which no

answer is required.  To the extent a response is deemed necessary, Defendant denies the

allegations contained in the remainder of the Complaint and further avers that Plaintiff is not

entitled to the requested relief or any other relief from Defendant.

Defendant denies any and all allegations in the Complaint not expressly admitted herein to which a response is deemed required.

Respectfully submitted,


VINCENT H. COHEN, JR., DC Bar #471489
Acting United States Attorney


DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division


By: _____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the foregoing Answer has been made through the Court's

electronic transmission facilities on this 23rd day of September, 2015.

_____ /s/

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov