UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAI, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 14-403 (RDM) |
| TRANSPORTATION SECURITY ADMINISTRATION, | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Plaintiff Sai brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.[1]  Although the Court has yet to set a schedule for summary judgment briefing, Plaintiff has filed over a dozen motions to date. Currently before the Court are Plaintiff's motions (1) to compel service of 48 U.S.C. § 46105(b) orders and findings of fact and for declaratory relief, Dkt. 77; (2) for leave to file the foregoing motion, Dkt. 78; (3) for an extension of time to file a reply regarding that motion, Dkt. 88; (4) for attorney fees and costs under FOIA, Dkt. 85; and (5) to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), Dkt. 86.  For the reasons explained below, the Court **GRANTS** the motions for leave to file the motion to compel, Dkt. 77, and for an extension of time to file a reply, Dkt. 88, but **DENIES** the motions to compel service, Dkt. 77, for attorney fees and costs, Dkt. 85, and to file a supplemental pleading, Dkt. 86.

---

[1] Sai is Plaintiff's full legal name.  Dkt. 5 at 1 n.1.

## II.  BACKGROUND

The extensive history of this matter and related proceedings is recounted in this Court's August 19, 2015 Memorandum Opinion and Order.  Dkt. 49.  For present purposes, the Court need not repeat that history, but simply highlights the allegations and procedural history relevant to the pending motions.  On January 21, 2013, Plaintiff was purportedly subjected to discriminatory treatment based on his neurological disability while passing through the Transportation Security Administration ("TSA") checkpoint at Boston Logan International Airport.  Dkt. 5 at 9 (Compl. ¶¶ 42–43).  A similar incident allegedly occurred several weeks later while Plaintiff was passing through the TSA checkpoint at San Francisco International Airport.  *Id.* at 11 (Compl. ¶ 58).  Based on these and related events, Plaintiff filed and pursued FOIA and Privacy Act requests with TSA and others.  *Id.* at 9–17 (Compl. ¶¶ 43–104).  When TSA failed to produce the records he sought, Plaintiff initiated this action.

After filing suit, Plaintiff moved for a preliminary injunction and to expedite the action.  Dkts. 8, 20, 22.  Both motions were denied.  April 17, 2014 Minute Order; Dkts. 34, 42.  He also unsuccessfully moved to impose sanctions on the government, Dkts. 30, 32, and to reconsider the Court's denial of that motion, Dkt. 38, which the Court also denied, Dkt. 47.  Plaintiff also sought to amend his complaint.  Dkt. 21.  The Court denied that motion, Dkt. 49, and denied Plaintiff's motion for reconsideration, Dkt. 74.  As the Court explained, Plaintiff's proposed amendments sought to add non-federal parties, which are not subject to FOIA; sought to add claims relating to additional FOIA requests, which were not exhausted; and sought to add a claim under the Administrative Procedure Act, which was supplanted by the remedial scheme provided in FOIA.  *See* Dkt. 49.  Plaintiff then sought reconsideration and clarification of that decision, Dkt. 50, and TSA sought to dismiss in part or to strike portions of Plaintiff's complaint, Dkt. 51.

On August 19, 2015, the Court denied both motions and cautioned Plaintiff that motions for clarification or reconsideration should not be filed as a matter of course, but should be reserved for the unusual circumstances recognized in the rules and case law. Dkt. 74 at 10. The Court also renewed an earlier-imposed restriction that Plaintiff not file further motions (other than motions for extensions of time and responses or replies to pending motions) without leave of the Court. *Id.* at 19; *see also* Dkts. 55, 58.

## II.  DISCUSSION

### A.  Motion to Compel Service of 49 U.S.C. § 46105(b) Orders and Findings

Plaintiff's motion to compel compliance with 49 U.S.C. § 46105(b) is premised on the discussion in the Court's August 19, 2015 opinion regarding "sensitive security information" ("SSI"). Plaintiff's complaint alleges that he sought certain "surveillance footage" from Boston Logan Airport, but was informed that whether or not any such video existed, and, if it existed, its substance, would constitute SSI exempt from disclosure under FOIA. Dkt. 5 at 10, 15, 19 (Compl. ¶¶ 50, 86, 116, & 118). In response, TSA argued that this Court lacks jurisdiction to adjudicate any challenge that Plaintiff might contemplate respecting TSA's designation of SSI. Dkt. 51 at 9.

The Court denied TSA's motion to dismiss or to strike Plaintiff's allegations regarding SSI on the ground that resolution of the issue was "premature at this point in the litigation." Dkt. 74 at 12. As the Court explained, TSA had yet to provide a *Vaughn* index or any accompanying declarations. *Id.* at 13. In this posture, the Court concluded that it could not determine whether a TSA official acting with the requisite authority designated any relevant SSI. *Id.* While not reaching the merits of TSA's motion, the Court also noted that Congress has vested exclusive jurisdiction in the Court of Appeals over TSA "orders" relating to the designation of SSI. *See*

Dkt. 74 at 12 (discussing 49 U.S.C. § 46110(a)). The Court further noted that the Court of Appeals has construed the term "order" in Section 46110(a) broadly to include a final agency determination of the "'rights or obligations'" of the interested parties. *Id.* at 13 (quoting *Safe Extensions, Inc. v. FAA*, 509 F.3d 593, 598 (D.C. Cir. 2007)).

Plaintiff's "motion to compel" "disagrees" with the Court's conclusion that the withholding of records under FOIA constitutes an "order" for purposes of Section 46110(a). Dkt. 77 at 1 n.1. But, on the assumption that the assertion of a FOIA exemption might constitute an "order" subject to the exclusive jurisdiction of the Court of Appeals, Plaintiff argues that TSA should be compelled to provide him with a copy of the relevant "order" and with "'the findings of fact on which the order is based.'" *Id*. at 1 (quoting 49 U.S.C. § 46105(b)). He also apparently seeks all Standard Operating Procedures and other materials designated by TSA as SSI "for which [he is] a 'person[ ] affected by the order.'" *Id.* at 3. Finally, Plaintiff notes that a challenge to an SSI "order" must be brought in the Court of Appeals within 60 days after the order is issued and asks that the Court direct that any such "orders shall be deemed to have 'issued' only after" he is served with the order and findings of fact on which it is based. *Id.* at 3–4.

Because Plaintiff's motion is premised, at least in part, on a concern that he might miss— or has already missed—the deadline for filing a challenge in the Court of Appeals, the Court will grant Plaintiff's motion for leave to file (Dkt. 78) the present motion.[2] But, as to the substance of that motion, the Court remains convinced that resolution of any potential issues relating to SSI

---

[2] The Court also grants Plaintiff's unopposed motion for an extension of time to file his reply, Dkt. 88, and deems the reply timely filed. The Court cautions Plaintiff that in the future, a motion for an extension of time should be filed before Plaintiff misses a filing deadline.

4

is premature. The Court does not yet know what information, if any, TSA will contend should be withheld and it does not know what dispute may exist with respect to the designation of any such SSI. Once framed in light of a more clearly developed dispute, if any, between the parties, Plaintiff is free to renew his contention that the relevant agency action or determination does not constitute an "order" subject to the exclusive jurisdiction of the Court of Appeals. Once the issue is so framed, Plaintiff is also free to argue that any TSA determination cannot stand in the absence of findings made under 49 U.S.C. § 46105(b). And TSA remains free to dispute any such arguments. It is important, however, to recall that this is a FOIA and Privacy Act case relating to specific requests for records. Before the Court can adjudicate this case, it needs to know what specific requests remain unanswered, what specific exemptions TSA invokes and the basis for its determinations, and why Plaintiff disputes those determinations.

    Plaintiff is concerned that, because he has not received any orders relating to the designation of SSI, he may be in danger of losing his ability to timely appeal to the Court of Appeals pursuant to Section 46110(a). TSA, by contrast, contends that it will produce a final order appealable under Section 46110(a) with its *Vaughn* index. Dkt. 85 at 5. On the present record, the Court cannot determine whether a relevant SSI order exists, and, if so, what form it takes. But, in any event, there is nothing that this Court can do to address Plaintiff's concern about the timeliness of his would-be appeal. There is no basis for the Court to order TSA to produce any such SSI order in the present litigation. The complaint seeks production of certain records under FOIA and the Privacy Act, but does not seek the disclosure of any SSI orders, Dkt. 5 at 2 (Compl. ¶ 5), and Plaintiff may not assert additional claims for relief by simply raising them in a motion, *see Lempert v. Rice*, 956 F. Supp. 2d 17, 30 (D.D.C. 2013) ("[I]t is axiomatic that a complaint may not be amended by the briefs . . . ." (internal quotation marks omitted)). TSA

might eventually place an SSI designation at issue by asserting that designation in support of a motion for summary judgment, but it has yet to do so. And to the extent that any SSI designation at issue constitutes an order subject to Section 46110(a)—a question that the Court cannot decide in the present vacuum—jurisdiction lies exclusively in the Court of Appeals, and it is not this Court's role to decide how the 60-day filing requirement should be interpreted or applied.[3] Moreover, even if the Court could in this litigation order TSA to produce any SSI orders covered by § 46110(a), it is far from clear that doing so is needed to address Plaintiff's concern that he may lose his right to appeal if any SSI orders are not disclosed at this time. Although this Court is not in a position to assess how the rule might apply to whatever claim Plaintiff might someday bring, the D.C. Circuit has previously held that the 60-day period does not start to run until the "date the order is officially made public." *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 519 (D.C. Cir. 2011).

The Court, accordingly, denies Plaintiff's motion to compel service of Section 46105(b) orders and findings and for declaratory relief regarding the Section 46110(a) deadline (Dkt. 77).

**B. Motion for Attorney Fees and Costs**

The Court denies Plaintiff's "Motion for attorney Fees of $0 as matter of law" (Dkt. 85) for two reasons. First, Plaintiff failed to comply with the Court's prior orders that he not file further motions (other than a motion for an extension of time) without the Court's leave. Dkt. 74 at 19; Dkt. 55 at 2; Dkt. 58 at 2. Merely including a footnote in the fee motion stating that Plaintiff "further move[s] for permission to file this motion," Dkt. 85 at 1 n.1, does not comply

---

[3] As the Court of Appeals has recognized, the 60-day filing period is not jurisdictional, and the Court of Appeals "may allow the petition to be filed after the 60th day . . . if there are reasonable grounds for not filing by the 60th day," 49 U.S.C. § 46110(a). *See Safe Extensions, Inc.*, 509 F.3d at 598.

with the spirit of the Court's orders or with the requirements of the Local Rules for filing a motion, *see* LCvR 7.

Second, Plaintiff's fee motion is, in any event, premature. Plaintiff seeks attorney fees and costs under the FOIA statute, 5 U.S.C. § 552(a)(4)(E). That provision provides that

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
>
> (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—
>
> > (I)   a judicial order, or an enforceable written agreement or consent decree; or
> > (II)  a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

*Id.* In applying this provision, the Court of Appeals has adopted a two-step approach. *McKinley v. Federal Housing Finance Agency*, 739 F.3d 707, 710 (D.C. Cir. 2014).

The trial court must first consider whether the plaintiff has "'substantially prevailed'" and is thus "eligible" to receive fees. *Id.* This inquiry has varied over the years. Before 2001, the Court of Appeals construed the law to permit recovery of fees based on the "'catalyst theory,'" which recognized, in addition to disclosures ordered by the court, those where the plaintiff "substantially caused the government to release the requested records before final judgment." *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524–25 (D.C. Cir. 2011). In 2001, however, the Supreme Court issued its decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), which prompted the Court of Appeals to require court-ordered relief to meet the "eligibility" requirement, *Brayton*, 641 F.3d at 525. In response to the *Buckhannon* rule, Congress amended FOIA in 2007 to permit recovery even in the absence of court-ordered relief if the plaintiff is

7

successful based on a "voluntary or unilateral change in the position by the agency," so long as the plaintiff's claim "is not insubstantial." *Id.* (citing 5 U.S.C. § 552(a)(4)(E)(ii)).

At the second step, although subject to some dispute, *see Morley v. CIA*, 719 F.3d 689, 690–93 (D.C. Cir. 2013) (Kavanaugh, J., concurring), the Court of Appeals requires that a plaintiff who is "eligible" to receive attorneys' fees . . . [also] demonstrate "entitlement" based on a multi-factor test that considers, non-exclusively, "'(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding' of the requested documents." *McKinley*, 739 F.3d at 711 (citation omitted).

Plaintiff makes two arguments that he has already "substantially prevailed" within the meaning of the FOIA statute, both of which are without merit. First, he contends that this Court's August 19, 2015 opinion "found that Defendants acted unreasonably in refusing to file [Plaintiff's] 2013-11-23 FOIA request." Dkt. 85 at 2. The Court merely held, however, that "TSA ha[d] failed to demonstrate that the claim [pertaining to the November 23, 2013, request] should be dismissed on the pleadings" as a duplicative claim. Dkt. 74 at 15–16. As of TSA's last filing in this case, administrative processing of the November 23, 2013, request was ongoing. Dkt. 92 at 4 n.2. Thus, it is too early to assess even whether that particular order will result in any "relief" to Plaintiff, much less whether Plaintiff will *substantially* prevail in this case. It is "doubt[ful] that plaintiff[] could be said to have 'substantially prevailed' if they . . . have won a battle but lost the war." *Goland v. CIA*, 607 F.2d 339, 356 (D.C. Cir. 1987).

Second, Plaintiff contends that he has substantially prevailed because Defendant has voluntarily released over 3,000 pages of documents. Dkt. 85 at 2. Although Plaintiff is correct that a court order requiring the Defendant to release documents is not required for a plaintiff to

"substantially prevail," that is not the end of the inquiry. Under the "eligibility" prong of the

test, Plaintiff must still demonstrate, among other things, that his "claims" were "not

insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). And under the "entitlement" prong, the Court must

consider, among other factors, "'the reasonableness of the agency's withholding' of the

requested record." *McKinley*, 739 F.3d at 711. At this point in the litigation, the Court cannot

make an informed judgment about either of these issues. Similarly, the Court must consider the

"public benefit derived from the case," *id.*, but cannot do so without knowing whether TSA

would have released the 3,000 pages of documents even without litigation.[4]

Plaintiff concedes that in a FOIA action, a *pro se* litigant cannot recover attorney fees for

his own time spent litigating the case. Dkt. 85 at 2 n.3; *see also Burka v. HHS*, 142 F.3d 1286,

1289 (D.C. Cir. 1998). In light of the Court's holding that Plaintiff has not, and cannot,

demonstrate "eligibility" or "entitlement" to fees and costs at this early stage of the litigation, it

need not consider whether he would be entitled—if and when he does substantially prevail—to

costs and/or to a nominal award of attorney fees as he asserts.

---

[4] Under the once-prevailing "catalyst theory," the plaintiff was required to demonstrate a causal
nexus between the litigation and the agency's decision to release the records absent a court order.
*See Weisberg v. Dep't of Justice*, 745 F.3d 1476, 1497 (D.C. Cir. 1984). It is unclear whether
this requirement remains an element of the "eligibility" prong. On the one hand, under the literal
terms of the statute, a plaintiff need show only that the agency has changed its position and that
the plaintiff's claim was "not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). On the other hand, the
Court of Appeals has recognized that "[t]he purpose and effect of [the 2007 amendment] was to
change the 'eligibility' prong back to its pre-*Buckhannon* form." *Brayton*, 641 F.3d at 525. The
current status of the nexus requirement, however, is likely a non-issue, since the public benefit
factor of the "entitlement" analysis will generally require the court to assess whether any benefit
to the public was "derived from the case" or, rather, would have been achieved even in the
absence of litigation.

## C. Motion for Leave to File Supplemental Pleading

Finally, the Court denies Plaintiff's Motion for Leave to File Supplemental Pleading. Dkt. 86. Plaintiff seeks leave under Federal Rule of Civil Procedure 15(d) to add fourteen additional FOIA/Privacy Act requests to this case. *Id.* at 3. The Court previously denied leave to amend the complaint to add two of these FOIA/Privacy Act requests because Plaintiff failed to exhaust them when he declined to provide verification of his identity. Dkt. 49 at 6–7. Subsequently, the Court denied Plaintiff's motion for reconsideration of that ruling. Dkt. 74 at 6–10. Plaintiff now claims that he has exhausted those two requests. Dkt. 86 at 1. The other twelve FOIA/Privacy Act requests were made between July 2014 and August 2015, and have not previously been at issue in this litigation. Dkt. 86 at 3. For these requests, Plaintiff provides the Court with only cursory, and at times cryptic, descriptions of the information sought, such as "self," "TSA documents," "RIC events," "military deployment as mass transit locations," "CHIP, RIOT, CCS, & CCTV," and "my travel records." *Id.* The Court cannot determine from these descriptions whether and to what extent these requests seek the same or similar documents sought in the requests raised in the complaint.

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Motions for leave to file supplemental pleadings "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, at 186–87 (2d ed.1990)).

Here, Plaintiff has failed to carry his burden of demonstrating that the addition of fourteen more FOIA/Privacy Act requests to this litigation would enhance the "economic and speedy disposition" of the case and would not cause "undue delay [and] trial inconvenience." *Id.* Defendant has completed or nearly completed the processing and production of the five requests included in the original complaint. *See* Dkt. 82 (Joint Status Report); Dkt. 92 at 5 n.2. After months of motions practice, the litigation is now ripe for the Court to set a briefing schedule for summary judgment. Addition of fourteen more requests would almost certainly delay disposition of the case while TSA processes the new requests and, if appropriate, produces additional documents. *Cf. Hall*, 437 F.3d at 100–01 (affirming district court's denial of leave to supplement complaint to add additional FOIA requests).

At the same time, Plaintiff has failed to explain how the addition of these new requests would promote judicial efficiency. Although some of the twelve new requests might overlap in certain respects with those currently in the complaint, others seem to raise entirely new matters. *See, e.g.*, Dkt. 86 at 3 (Plaintiff's FOIA/PA request for "military deployment at mass transit locations"). As for the two previously unexhausted requests, it is clear that they do not substantially overlap with the five original requests. *Compare* Dkt. 36-2 at 1–6 (seeking, *inter alia*, all records "that regard or mention [Sai] or any of his FOIA/PA requests" and records pertaining to an incident at Richmond International Airport), *with* Dkt. 5 at 9–12 (Compl. ¶¶ 9, 54, 61, 64, 95) (seeking records relating to Boston and San Francisco airport incidents and TSA policies and procedures). Moreover, Plaintiff provides no explanation for the over one year of delay between this Court's holding that these requests were unexhausted, Dkt. 49 at 8–9, and his resubmission of the requests to TSA for proper exhaustion, Dkt. 86 at 1. The Court, accordingly, concludes that the addition of fourteen additional FOIA/Privacy Act requests to this case would

merely result in undue delay in the disposition of this case and would not enhance judicial efficiency.

"Moreover, plaintiff will not suffer prejudice because he remains free to raise these new claims in a separate lawsuit." *Wolf v. CIA*, 569 F. Supp. 2d 1, 11 (D.D.C. 2008). Plaintiff asserts that he should be granted leave to supplement because, if he files another lawsuit, it will be assigned to the undersigned as a related case, and thus the only practical effect of denying leave to supplement is that he will incur an additional filing fee. Dkt. 86 at 1. But, the desire to avoid paying an additional filing fees is "hardly enough reason to preclude this case from coming to its prompt conclusion." *Bloche v. Dep't of Def.*, No. 07-2050, 2009 WL 1330388, at *3 (D.D.C. May 13, 2009). And, the desire to avoid filing fees is no justification for maintaining a single case as an ongoing forum for raising a perpetual series of FOIA and Privacy Act disputes with an agency.

Accordingly, Plaintiff's motion for leave to supplement is denied.[5]

## II. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File [78], and Plaintiff's Motion for Extension of Time [88] are **GRANTED.** Plaintiff's Motion to Compel Service [77], Motion for Attorney Fees [85], and Plaintiff's Motion for Leave to File Supplemental Pleading [86] are **DENIED.**

---

[5] Defendant contends that the motion should be denied for the further reason that Plaintiff failed to obtain leave of the Court to file it. The Court recognizes, however, that the concept of seeking leave to file a motion that itself seeks leave to file a supplemental pleading may have been confusing and accordingly does not rely on Plaintiff's failure to obtain leave to file in denying the motion.

It is further **ORDERED** that Plaintiff must seek and obtain leave of the Court prior to filing any motion other than a motion for an extension of time or a motion for summary judgment pursuant to the schedule to be entered by the Court in a separate, future order.  As in *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 68–69 (D.D.C. 2015), leave to file shall be sought by raising the issue by telephonic status conference with the Court.  To schedule such a conference, Plaintiff shall confer with counsel for the government regarding available dates and times and may then contact the courtroom deputy clerk at (202) 354-3084 to request a status conference.

It is **SO ORDERED.**