**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAI,

        *Plaintiff*,

  v.

TRANSPORTATION SECURITY
ADMINISTRATION,

        *Defendant*.

Civil Action No. 14-403 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Sai, proceeding *pro se*, filed this lawsuit on March 13, 2014, "challenging the failure of the . . . Transportation Security Administration ("TSA") to respond to plaintiff Sai's multiple requests for records under" the Freedom of Information Act ("FOIA"). Dkt. 5 at 1 (Compl. ¶ 1). Since then, the Court has issued eleven memorandum opinions in this case. *See* Dkt. 34; Dkt. 42; Dkt. 43; Dkt. 44, Dkt. 47; Dkt. 48; Dkt. 49; Dkt. 61; Dkt. 74; Dkt. 93, Dkt. 162. Most recently, the Court issued a 70-page opinion addressing a vast array of issues raised by Sai, ultimately narrowing the case to about a dozen outstanding questions. *See* Dkt. 162 at 69–70. Now, after over four years of litigation, Sai has orally moved for leave to "clarify," or, in the alternative, to amend the operative complaint to add a host of new claims, including, among others, a Rehabilitation Act claim, a Privacy Act claim challenging the TSA's alleged collection of records relating to Sai's protected First Amendment activity, an Administrative Procedure Act claim, and various FOIA claims that go beyond a demand that the TSA respond more fully to the six FOIA requests raised in the complaint. For the reasons set forth below, the Court will **DENY** Sai's motion.

First, although Sai asserts that the proposed amended complaint would merely "clarify" claims that already appear in the operative complaint, that is incorrect. To take just two examples, Sai now seeks to assert claims under the Rehabilitation Act and the Administrative Procedure Act, yet the complaint asserts—in no uncertain terms—that "[t]his suit is *solely* under FOIA and [the Privacy Act]." Dkt. 5 at 2 (Compl. ¶ 5) (emphasis original). Similarly, the complaint does not allege a violation of Section (e)(7) of the Privacy Act, which provides in relevant part that an agency "shall . . . maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless . . . pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7). Despite including references to an array of provisions of the Privacy Act (and FOIA), the complaint makes no reference to Section (e)(7) and, more importantly, it fails to allege *any* facts that "plausibly suggest an entitlement to relief" under Section (e)(7). *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Implicitly conceding that the complaint fails to allege any of these claims, Sai argues that the claims were raised in various other filings, including Sai's opposition to the TSA's motion for summary judgment. *See* Dkt. 169-1 at 2. "It is axiomatic," however, "that a party may not amend his complaint through an opposition brief." *Singh v. District of Columbia*, 55 F. Supp. 3d 55, 70 (D.D.C. 2014) (internal quotations omitted); *see also see Manna v. U.S. Dep't of Justice*, 106 F. Supp. 3d 16, 19 (D.D.C. 2015) ("[A plaintiff] cannot expand the scope of this litigation by merely referring to other requests in his opposition to Defendants' motion."); *Wright v. U.S. Dep't of Justice*, 121 F. Supp. 3d 171, 183 n.7 (D.D.C. 2015) ("[I]t is inappropriate for a Court to consider new claims raised for the first time in a brief in opposition to a motion for summary judgment."); *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in

opposition . . . ." (citation omitted)). In short, the complaint does not allege claims under the Rehabilitation Act, the Administrative Procedure Act, or Section (e)(7) of the Privacy Act, and Sai's characterization of the proposed, amended complaint as merely "clarifying" is unavailing. Dkt. 162 at 12.

Sai also takes issue with the Court's conclusion in its most recent opinion that the complaint "does not allege that [Sai] is blind." Dkt. 165-1 at 13–14; Dkt. 165 at 2 (citing Dkt. 111-2 at 1). Once again, however, Sai seems to acknowledge that the complaint lacks any such allegation and points, instead, to a brief filed in opposition to the TSA's motion to dismiss. Dkt. 165 at 2 (citing Dkt. 111-2 at 1). But even if it were permissible to amend a complaint through an opposition brief—and it is not—Sai's brief merely asserts: "I am a person with disabilities, within the meaning of the Rehabilitation Act § 508," and, "[b]ecause of my disabilities, I require and am entitled to [Section] 508 accessible documents, as defined in 29 USC § 794d and 36 CFR Part 1194." Dkt. 111-2 at 1. Because Sai also has other disabilities, this statement is far from sufficient to raise an allegation that the TSA violated the Rehabilitation Act by failing to accommodate Sai's blindness.[1] *See Chenari v. George Washington University*, 847 F.3d 740, 746–47 (D.C. Cir. 2017). Adding an allegation that Sai is blind and entitled to an accommodation under Section 508 would not constitute a simple clarification of the existing complaint; it would add a new claim not encompassed by Sai's prior pleading.

Perhaps most expansively, Sai seeks to "clarify" that the complaint alleges claims under Sections 552(a)(1) and (2) of FOIA. As the Court understands Sai's proposed amendment, Sai

---

[1] As described to the Court, Sai has "severe photophobia," Dkt. 165 at 2, which results in "searing[] pain[]" and "migraine[s]" in outdoor or bright light, Hrg. Tr. (Rough at 10:12–18). Sai is, however, able to "see just fine" in dark environments and is able to "look[] at the light of a computer screen" when the brightness and contrast are set to "zero." Hrg. Tr. (Rough at 10:14–11:10).

seeks to challenge the TSA's purported failure to maintain an electronic, FOIA-reading room containing, among other things, all "statements of policy and interpretations which have been adopted by the agency" and that have not been "published in the Federal Register." 5 U.S.C. § 552(a)(2)(A). Sai is correct that the existing complaint refers to the requirements that agencies make records available to the public and keep records in an electronic format in central location, and that the complaint cites to the then-existing version of the Department of Transportation regulation relating, among other things, to electronic access to public records. Dkt. 5 at 21 (citing various regulations). Read in context, however, it is clear that the complaint mentions those requirements in the context of challenging the TSA's failure to respond to Sai's sweeping FOIA request for "[a]ll TSA policy and/or procedures documents" that were "not already" available through the agency's electronic reading room, "including both old [and] current versions" of those documents. Dkt. 99-3 at 125 (McCoy Decl. Ex. S); Dkt. 118 at 15. Indeed, Sai's "prayer for relief" is—if anything—comprehensive, yet it includes no request that the Court issue an injunction requiring that the TSA add to its electronic FOIA-reading room. Dkt. 5 at 30–31. It seeks, instead, a declaration that the TSA has violated FOIA and the Privacy Act "by failing to respond in a timely fashion" to Sai's FOIA requests, a waiver of FOIA fees, a declaration that the TSA "acted in bad faith with regard to all of Sai's requests," an order directing the TSA "to tell [a third party] to release" certain records, discovery, an award of damages, and "a pattern and practice" injunction. *Id.* It may be that Sai now regrets not bringing a challenge to the adequacy of the TSA's electronic FOIA-reading room, but regret and clarification are not the same thing.

      The Court, accordingly, concludes that even under the liberal pleading standards afforded *pro se* litigants, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the claims that Sai now seeks leave

to "clarify" were not simply overlooked or misconstrued by the Court or the TSA—they were not alleged in the complaint. Perhaps recognizing as much, Sai also seeks leave to add new claims to correct "various defects with [Sai's] briefing" identified by "the Court and the Government." Hrg. Tr. at 4 (Rough at 4:10–12). Sai argues that granting this request for leave to add new claims at this late date would not delay the proceedings or prejudice the TSA, *id.* at 8–9 (Rough at 8:21–9:4), and that, in any event, the burden of any delay or prejudice is outweighed by the need to accommodate an unsophisticated, *pro se* litigant, *id.* at 2 (Rough at 2:18–23). The Court is unconvinced.

Under Federal Rule of Civil Procedure 15, if more than 21 days have passed since the service of a responsive pleading or motion under Rule 12(b), (e), or (f), "a party may amend its [complaint] only with the opposing party's written consent or the court's leave." Leave to amend "should [be] freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), but a court may deny leave to amend for good reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of particular relevance here, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133–34 (D.D.C. 2013) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)); *see also Becker v. District of Columbia*, 258 F.R.D. 182, 185 (D.D.C. 2009)

("Waiting to move to amend until after the close of discovery and after the filing of or ruling upon dispositive motions has been considered an undue delay.").

In the present context, granting leave to amend would cause undue delay and unfairly prejudice the defendant. This case has been pending for well over four years and has generated a deluge of motions, supplemental submissions, conferences, and disputes. Most recently, the Court issued a 70-page opinion addressing Sai's challenges to "virtually every aspect of the TSA's multiple searches and productions" in response to six separate FOIA requests. *Sai v. TSA*, --- F. Supp. 3d ---, No. 14-403, 2018 WL 2364290, at *1 (D.D.C. May 24, 2018). That decision narrowed the case, but leaves roughly a dozen questions for further briefing and development. Rather than narrowing and focusing the litigation, however, Sai would treat the Court's opinion as a jumping-off point. In Sai's view, the opinion identifies ways in which the complaint might be improved or invites the parties to develop new theories to replace those the Court has considered and rejected. The changes in course that Sai proposes, moreover, are not modest corrections but would, instead, open entirely new vistas. Having failed to accept the TSA's invitation five years ago to "clarify and narrow" a vastly overbroad FOIA request for "[a]ll TSA policy and/or procedures documents" that were "not already" available through the agency's electronic reading room, and facing the Court's holding that the request was overbroad, *id.* at *17–18, for example, Sai now seeks to challenge the adequacy of the TSA's electronic FOIA-reading room. Similarly, having expressly disavowed any effort to assert a Rehabilitation Act claim, *see* Dkt. 5 at 2 (Compl. ¶ 5), and having had the Court and the TSA rely on that representation, Sai now seeks to add a Rehabilitation Act claim.

That approach to litigation offers no end and is unfair to the opposing party. It presents precisely the type of "moving target" that delays the resolution of long-pending cases, such as

this one, and that deprives the defendant of the opportunity to understand and to address the wrong that it has allegedly committed.  *See Hoffman v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003) ("A plaintiff, quite simply, cannot be permitted to circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens." (internal quotation marks omitted)); *see also Cause of Action Inst. v. U.S. Dep't of Justice*, 282 F. Supp. 3d 66, 75 (D.D.C. 2017) (same); *Brown v. FBI*, 744 F. Supp. 2d 120, 123 (D.D.C. 2010) (same).  Most fundamentally, such an approach is at odds with the obligation of the Court and the parties to construe and to apply the Federal Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Under the scheduling order now in place, briefing on TSA's renewed motion for summary judgment and Sai's cross-motion for summary judgment will not be completed until January 31, 2019.  Minute Entry (June 1, 2018).  Granting Sai's motion for leave to amend would inevitably extend that schedule by many months, and perhaps longer.  Adding entirely new claims to the already lengthy set of issues for resolution at this late date would not serve the interests of justice.

Sai's oral motion to clarify or amend the operative complaint is, accordingly, **DENIED**.
**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 11, 2018