## PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), Plaintiff Sai submits this Statement of Undisputed Facts in support of their Cross-Motion for Partial Summary Judgment.

I. **Non-Compliance with E-FOIA**

   A. **Original Format**

   1. Plaintiff submitted the BOS and SFO Re-Requests on November 23, 2013. *See* ECF No. 28-3 at 11.

   2. That email was addressed to the TSA's FOIA division and read, in relevant part, "provide these documents in their original electronic format or as a scan of any documents that are originally in paper." ECF No. 28-3 at 11-12.

   3. The word "original" is used as a synonym for "native" in referring to electronic file format as it relates to Plaintiff's requests. ECF No. 172 at 22.

   4. While Plaintiff has requested "digital copies," or specifically requested PDFs, or sought only production in "electronic format" at other times, *see* ECF No. 172 at 15, with respect to the requests at issue now, Plaintiff asks for documents "in their original electronic format." ECF No. 28-3 at 11-12.

   5. Defendant acknowledges that "it is beyond dispute that the formats requested in the Policies Request on the one hand and the SFO and BOS Re-requests on the other are distinct." ECF No. 174-3 at 2 n.1 (Miller Decl.).

6. Requesting electronic receipt of a paper document requires scanning, which results in an image or rasterized electronic format (*e.g.*, TIFF, JPG, or rasterized PDF).

7. Requesting electronic production of an electronic format record allows for a choice of possible electronic formats: the original electronic format as created or stored by the agency, and also any of the electronic formats to which it can be readily converted. For instance, Word documents can be converted to PDF; Excel to CSV; proprietary CCTV video to AVI, MPG, MP4; Outlook emails as SQL database records, MSG files, multipart MIME text files, or electronic (non-rasterized) PDFs; and so forth.

8. The TSA's FOIA Branch uses a processing software called FOIAXpress to process record requests. Miller Decl. ¶ 13.

9. The TSA admits that it is technically capable of "produc[ing] the records responsive to Plaintiff's requests in their original formats and/or as fully digital, non-rasterized text PDFs." Miller Decl. ¶ 14.

10. The TSA has the technical capacity to release the requested records in the original format. ECF No. 172 at 22.

B. **Discretization, Fully Digital, and Rasterized PDFs**

1. Defendant continues to characterize the details of Plaintiff's request for discrete documents as pertaining to the arrangement or organization of produced documents. *See, e.g.,* ECF No. 174-1 at 7.

2. Discretization means distinct files for distinct documents.

3. Discretization is frequently part and parcel of an electronic "form or format."

4. The creations and storage of distinct electronic files is an inherent feature of a wide variety of electronic formats, including PDFs, Word documents, Excel documents, and Outlook documents, one or more of which either represent or approximate the original versions of the files at issue. *See* ECF No. 172 at 22; ECF No. 118-1 at ¶¶ 12-16.

5. Individualized file names contained within specific directories are also an inherent feature of these electronic formats.

6. At no point does the TSA indicate that, prior to processing by the FOIA office, it stores documents in a rasterized format.

7. At no point does the TSA indicate that the documents in their original formats were stored in any other manner besides as distinct files with individual names contained within specific directories.

8. Plaintiff has requested that the TSA release the documents in an electronic format that preserves the documents as distinct files with their individual file names. That request is a request to protect these aspects of the original electronic format regardless of what format the agency chooses for release of the documents.

9. The TSA, like all agencies, has a statutory duty to "provide the record in any form or format requested by the person" where that format is readily reproducible. 5 U.S.C. § 552 (a)(3)(B).

10. When the TSA released the documents Plaintiff requested as non-discrete, rasterized PDFs, it destroyed the inherent aspects of the documents' original electronic storage method.

11. Rather than comply with Plaintiff's request, the TSA released the requested documents in the one electronic format that Plaintiff expressly asked the TSA to avoid.

C. **Readily Reproducible**

1. The TSA admits that it could accomplish redactions of sensitive data by manually editing or deleting sensitive data from the documents in their native Microsoft Word, Excel, or similar format. ECF No. 174-2 ¶ 21 n.3. ("TSA is not aware of any redaction tools in software programs like Excel, Outlook, and Word. Therefore, the FOIA Branch would likely need to manipulate the records by manually deleting exempt information . . . .")

2. The TSA rejects the option of manually deleting information, as well as any other process for editing sensitive information in native formats, and, it says that doing so would involve "creating a new record." ECF No. 174-2 ¶ 21 n.3; *see also* ECF No. 174-1 at 11 n.3. ("Therefore, the only way to remove SSI and exempt information from such documents would be to edit and manipulate them into a new record without the exempt information.").

3. The TSA uses a processing software called FOIAXpress to process record requests. Miller Decl. ¶ 13.

4. FOIAXpress works by taking an original document "in its original format" and "convert[ing] that record to a Tagged Image Format (TIF) file." ECF No. 174-2 ¶ 8. Once it is in a TIF format, "FOIAXpress users apply all necessary redactions to the TIF file," and after completion FOIAXpress "finalizes the records for production by creating a rasterized PDF" containing the redactions, which version is then released to requesters. *Id.*

5. This redaction process results in at least two versions of a document—an original one and one redacted for release.

6. The TSA's discussion of recent SSI spills at the TSA and at Immigration and Customs Enforcement establishes that such spills were the result of human error in neglecting to apply redactions or apply redactions correctly. ECF No. 174-3 (Exhibit 2) at 99 (internet news article describing failure to redact); ECF No. 174-3 ¶ 22 (describing same); ECF No. 174-3 ¶ 17 (describing "fail[ure] to properly redact"); ECF No. 174-3 at 52–58 (explaining that spill resulted from human error in failing to follow the procedure for proper redaction).

7. The possibility of human error does not establish that redaction cannot be performed outside of FOIAXpress.

8. FOIAXpress, as described by the agency, still requires individual users to apply redactions. ECF No. 174-2 ¶ 8 (describing role of users in applying redactions).

9. Thus, FOIAXpress does not remove the possibility of human error.

Dated: September 5, 2019

Respectfully Submitted,

By:  
/s/ Jeffrey T. Green  
Jeffrey T. Green, D.C. Bar No. 426747  
SIDLEY AUSTIN LLP  
1501 K Street, N.W.  
Washington, D.C. 20005  
jgreen@sidley.com  
Telephone: (202) 736-8000  
Facsimile: (202) 736-8711

*Counsel for Plaintiff*

248283247v.1