# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAI<br><br>Plaintiff,<br><br>TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 14-0403 (RDM) |

**DECLARATION OF JULIAN ACKERT**

## Background and Professional Qualifications

1. My name is Julian Ackert, and I am a Senior Managing Director at iDiscovery Solutions, Inc., ("iDS"), an expert services and consulting firm that provides independent computer forensics, electronic discovery expert testimony and analysis, original authoritative studies, and strategic consulting services to the business and legal community.

2. I have over 25 years of experience in consulting and litigation technologies that focus on electronic discovery and computer forensics. I have a Bachelor of Science degree in Computer Science from the University of Virginia.

3. I have extensive experience creating and implementing preservation, collection, and production strategies and performing computer forensics and metadata analysis on electronically stored information ("ESI"). I have performed preservation, collection, analysis, and production of ESI and associated metadata in hundreds of matters.

4. This declaration is based on my knowledge, years of experience, training, education, and the information provided to date. The opinions provided herein are given to a reasonable degree of professional certainty.

5. My forensic analysis and testimony rate is $650/hour and iDS is also being reimbursed for reasonable expenses and the cost of other employees working under my supervision. My opinions are not contingent on fees earned by iDS in this matter.

6. When I state 'I,' 'Myself,' or 'iDS' I mean this work was done by me, or by people working at my direction and supervision within iDS.

7. iDS has been retained by Sidley Austin LLP on behalf of Plaintiff Sai to provide expert analysis and opinions as they relate to the production of data by Defendant.

**Materials Reviewed**

8. In forming my opinions, I have reviewed the following materials.

a. Defendant's Renewed Motion for Summary Judgment and Memorandum in Support Thereof, filed August 31, 2026 ("August 2026 MSJ Filing").

b. Declaration of Kerry Callahan dated August 31, 2026, filed with the August 2026 MSJ Filing ("Callahan Declaration").

c. The Adobe Acrobat web page titled "Redact sensitive content in Acrobat Pro," https://helpx.adobe.com/acrobat/desktop/protect-documents/redact-pdfs/redact.html.

d. The Adobe Acrobat web page titled "Search and redact text in Acrobat Pro," https://helpx.adobe.com/acrobat/desktop/protect-documents/redact-pdfs/redact-text.html.

## **Opinions**

*Document Rasterization*

9. I understand that one issue before the Court in this matter is whether requested documents could be "readily reproducible" as "fully digital text PDFs rather than scans or rasterizations."

10. A non-rasterized document contains, among other things, text that can be selected and rendered through certain applications, such as screen readers and text to speech applications. It also can contain images that are fully pixelated, and therefore there is no image resolution loss when using zoom functionality within the document.

11. An example of a non-rasterized document is a PDF file with text that is searchable by keyword using programs such as Adobe Acrobat. In contrast, rasterization of a document converts *all* information – text or otherwise - on the document to static images. An example of a rasterized document is a scanned PDF document.

*Redactions and Document Rasterization*

12. I understand the Transportation Security Agency ("TSA") uses a processing system called SecureRelease to apply redactions, and that processing system creates redacted *rasterized* PDF documents. However, there are commercial off the shelf ("COTS") applications that can apply redactions and create redacted *non-rasterized* PDF documents. One of the COTS applications that can be used to create non-rasterized PDF documents is Adobe Acrobat, which has built in redaction capability.

13. An individual can apply redactions on non-rasterized PDFs following the instructions Adobe provide's on online help web pages. Below is a screenshot of the redaction

instructions listed on that online help web page.[1]

1. Select **All tools** > **Redact a PDF**.
2. From the left pane, select **Redact text and images**.
3. Select and drag the cursor over the text or image.
4. Select **Apply** from the left pane.
5. In the dialog box that opens, choose if you want to sanitize and remove hidden information by selecting the toggle button.
6. Select **Continue**.
7. Enter the filename and location in the **Save Sanitized Document** dialog box.
8. Select **Save**.

14. Additionally, per Adobe Acrobat's online help, Adobe's redaction capability includes "built-in code sets for U.S. FOIA and U.S. Privacy Act compliance."[2] The TSA documents at issue are therefore reproducible as non-rasterized PDFs using Adobe's built in U.S. FOIA code sets via Adobe Acrobat. Applying previously identified redactions to documents that likewise already have been identified would not impose a substantial burden on TSA in this case, as I discuss in detail further below. In my experience, redactions that are applied appropriately using current versions of Adobe Acrobat are typically secure. I could increase my certainty on the level of security if I knew what version of Adobe Acrobat TSA currently uses, but to date that version of Adobe Acrobat has not been disclosed by TSA.

*Defendant's position on using Adobe Acrobat*

---

[1] See https://helpx.adobe.com/acrobat/desktop/protect-documents/redact-pdfs/redact.html, last visited September 21, 2026 (providing instructions on how to so redact).

[2] See https://helpx.adobe.com/acrobat/desktop/protect-documents/redact-pdfs/create-codes.html, last visited October 5, 2026.

15. Based on my review of Defendant's August 2026 MSJ Filing, I understand that non-rasterized PDFs are not an output option from Defendant's record processing system SecureRelease. I also understand that Defendant could use Adobe Acrobat to create non-rasterized PDFs, but argues that it should not have to based on the following:

a. Per the Callahan Declaration, the time associated with transferring redactions for the 53 documents in scope for this request would be 10 minutes per page, with a Released in Part ("RIP") page count of 3,039 across these 53 documents.[3] Dividing 3,039 pages by 53 documents is approximately 57 RIP pages per document. At 10 minutes per RIP page, the TSA's estimate translates to approximately 9.5 hours per document for RIP redactions. The TSA estimates an additional 5 minutes per page for proper redaction QC. At 57 RIP pages per document, this translates to an additional 4.75 hours per document for redaction QC.[4] This brings the TSA total estimate to 14.25 hours per document for RIP redactions and redaction QC. In response, and in my experience with redactions and Adobe Acrobat, I would not expect RIP redactions and redaction QC to take TSA's estimate of 14.25 hours per document as Adobe Acrobat provides built-in advanced redaction functionality that includes block redactions (e.g. selecting and dragging the cursor across a block of text to redact),[5] and search redactions (searching for single words, multiple words, and patterns of text to redact).[6] Using this built-in advanced redaction functionality, which can be applied *across* the pages of a document, I would not expect RIP redaction and appropriate redaction QC

---

[3] Callahan Declaration, paragraph 16.
[4] Callahan Declaration, paragraph 17.
[5] Id.
[6] See https://helpx.adobe.com/acrobat/desktop/protect-documents/redact-pdfs/redact-text.html, last visited September 21, 2026.

to take more than 1 hour per document. At an analyst rate of approximately $66/hour, and 53 documents at issue, that would cost approximately $3,500. This is far less than the $50,596 claimed by Defendant.

b. TSA relies on a 2005 NSA report titled "Redacting with Confidence: How to Safely Publish Sanitized Reports Converted From Word to PDF."[7] In response, I would state that this report is based on legacy versions of Word, including Word 2000, Word XP, and Word 2003, and legacy versions of Acrobat, including 5.0 and 6.0. These versions of Microsoft Word and Adobe Acrobat were both released over 20 years ago,[8] and relying on the procedures in a report that is based on software technology versions from 20 years ago is not appropriate as workflows and software technology have significantly changed over the last 20 years. Current versions of Adobe Acrobat include built in functionality to redact the sensitive information mentioned in the 2005 NSA Report – text, diagrams, images, and metadata. As such, the step "creation of a new document" as defined in the 2005 NSA report and an approach Defendant references as "incompatible with the requirements of FOIA" is not necessary today. [9]

c. TSA relies on a 2023 report that tests the security of redactions in eleven PDF redaction tools, one of which is Adobe Acrobat version 21.5. First, the security results from software products tested in reports such as this 2023 report are tied to the specific software product version. Starting in 2015, the first two digits of the Adobe Acrobat version indicate the Adobe Acrobat software version year of release, which in

[7] https://sgp.fas.org/othergov/dod/nsa-redact.pdf
[8] See https://en.wikipedia.org/wiki/Adobe_Acrobat_version_history and https://en.wikipedia.org/wiki/History_of_Microsoft_Word, both last visited on September 21, 2026.
[9] August 2026 MSJ Filing, paragraph 22.

this case would be 2021.[10] As such, findings in this 2023 report, as they relate to Adobe Acrobat, are limited to a 2021 version of Adobe Acrobat. Second, and as referenced in the Callahan Declaration, rasterized PDFs produced by the TSA using SecureRelease are *also* theoretically susceptible to the advanced level of "reverse engineering" described in this report.[11] Defendant has not indicated that the current version of Adobe Acrobat in use as of today is version 21.5, nor has it presented a specific example from any of the 53 documents at issue whereby a redaction applied using Adobe Acrobat presents the security issues referenced in this 2023 report. Adobe Acrobat is currently on version 26. As such, this is a hypothetical security issue and not based on the documents at issue in this matter.

16. I reserve the right to supplement my findings if additional evidence or information is provided to me.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 5th day of October 2026.

Julian Ackert

Julian Ackert

[10] See https://en.wikipedia.org/wiki/Adobe_Acrobat_version_history, last visited September 21, 2026.
[11] Callahan Declaration, paragraph 24.