UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAI,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORTATION AND SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 14-0403 (TJK) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff misconstrues the "form or format" language of the Freedom of Information Act ("FOIA") in a manner that would impermissibly empower FOIA requestors to dictate how agencies process FOIA requests. *See* 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is *readily reproducible* by the agency in that form or format.") (emphasis added). This Court should reject Plaintiff's construction of the FOIA, for the reasons set forth below.

## FACTUAL BACKGROUND

Plaintiff filed the complaint in this action on March 13, 2014, alleging that the Transportation Security Administration ("TSA") violated the FOIA in relation to fifteen FOIA request submitted by Plaintiff. *See generally* Compl., ECF No. 5. Relevant to this brief was a nine-specification, thirty-subpart "Policies Request" (designated 2013-TSFO-00239), ECF No. 99-3 at 125-131, which included a demand that TSA "service this request in an electronic, machine-processable, accessible, open, and well-structured format to the maximum extent possible," *id.* at

129. The request sought "[f]ully digital text PDFs rather than scans or rasterizations" and "[d]igital redaction rather than black marker[.]" *Id.* Plaintiff indicated a willingness to pay $100 to service the Policies Request. *Id.*

When Defendant moved for summary judgment, Plaintiff invoked the aforementioned of Plaintiff's Policies Request in objecting to the type of PDF files he received. ECF No. 111-2 at 5. Plaintiff asserts that the files produced by Defendant were non-compliant, complaining in part that "[r]asterized PDFs that are processed through [Optical Character Recognition ("OCR")] are *not* accessible, in part because OCR makes many errors." ECF No. 111-2 at 5. Plaintiff objected that Defendant's FOIA processing took "special-format documents, such as spreadsheets" and provided a version that lacked "the ability to be opened in any standard spreadsheet processing software." *Id.* at 5, ¶ 25. Plaintiff acknowledged, however, that some requested records may not be "originally native electronic documents," such as scans and handwritten paper reports. *Id.* at 3, ¶ 17 & n.6.

The Court previously deferred resolution of the issue of file format. ECF No. 197 at 17. This Court did so on the basis that "the legal standard at issue here is arguably underdeveloped and, more importantly, the record is incomplete," as Defendant's declaration failed to particularize the associated burden or offer an evaluation of alternatives and "the increased risks of potential countermanding of redactions." *Id.*

**ARGUMENT**

Plaintiff's cross-motion for summary judgment misstates FOIA's "form or format" requirement and in turn invites the Court to expand the scope of the FOIA's language, despite intervening decisions counseling an interpretation that focuses on whether the requestor has received a "form or format" that is useable and whether the requested "form or format" is

reasonable. Additionally, Defendant has satisfied its obligation to show that Plaintiff's "form or format" request is unreasonable and burdensome, and Plaintiff's counter-declaration falls short of creating a dispute of material fact. Finally, Plaintiff's passing demand for injunctive relief is unjustified on the record here and unwarranted.

**A. <u>Plaintiff's Misstates the FOIA's "Form or Format" Requirement</u>**

Plaintiff, through the cross-motion for summary judgment, implies that the text of 5 U.S.C. § 552(a)(3)(B) entitles FOIA requestors to dictate the minutia of an agency's production obligation, and isolates the words "form or format" in a way that ignores the manner in which those terms are used in the FOIA statute as well as the legislative intent behind the addition of those terms to the FOIA statute. As a threshold matter, it should be noted that case law regarding interpretation of the "form of format" language of the FOIA is underdeveloped, and is hardly settled law. *See, e.g. ACLU Immigrants' Rts. Project v. United States Immigr. & Customs Enf't*, 58 F.4th 643, 657 (2d Cir. 2023) (disagreeing with interpretive analysis of "form or format" in *Sai II* and emphasizing "a more liberal construction of the provision"). The "form or format" language of Section 552a(a)(3)(B) cannot be understood in isolation, however, *Woodhull Freedom Found. v. United States*, 72 F.4th 1286, 1298 (D.C. Cir. 2023) ("[W]e read statutory terms in context, not in isolation"), and must be given a meaning that comports with other uses of that same text elsewhere in the statute.

With respect to *searches* in response to a FOIA request, the "form or format" term is used throughout FOIA in reference "to the medium in which records are kept, not the search method used to locate or produce those records." *Pomares v. Dep't of Veterans Affs.*, 113 F.4th 870, 879 (9th Cir. 2024). Thus, while the use of "form or format" in Section 552(a)(3)(C) may require a search in a particular medium, "it does not dictate a specific search method." *Id.* at 880. It logically

follows, then, that its use in adjoining provision Section 552(a)(3)(B) should not entitle a requestor to dictate a production method, in and of itself.

A recent ruling in this Circuit has concluded definitively that "[n]othing in § 552(a)(3)(B)'s legislative history support[s] a categorical obligation on agencies to display requested information in a way usable or convenient for the FOIA requestor," even when doing so would not require the agency to alter the information's substantive content. *Aguiar v. Drug Enf't Admin.*, 992 F.3d 1108, 1112 (D.C. Cir. 2021). The D.C. Circuit observed that agencies are not required by FOIA to provide records "in an understandable form" and that demands to the contrary would be in tension with precedent in this Circuit that "a FOIA requestor must take the agency records as he finds them." *Id.* (quoting *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 321–23 (D.C. Cir. 1982)). Nor are agencies' disclosure obligations to be dictated by the characteristics or convenience of the requestor. *See id.* (citing *Yeager*, at 323; *Nat'l Sec. Counselors v. DOJ*, 848 F.3d 467, 471 (D.C. Cir. 2017); *Sample v. Bureau of Prisons*, 466 F.3d 1086, 1088 (D.C. Cir. 2006)).

Plaintiff's interpretation of the "form or format" requirement in Section 552(a)(3)(B) risks limiting a court's ability to determine whether certain "form or format" requests are reasonable. "[T]he purpose of the 'form or format' provision is to 'provide public access to information in more meaningful formats' so that information can be more 'useable.'" *ACLU Immigrants' Rts. Project*, 58 F.4th at 658 (quoting *Federal Info. Policy Oversight: Hearing Before the Subcomm. on Gov't Mgmt., Info. & Tech. of the H. Comm. on Gov't Reform & Oversight*, 104th Cong. 12 (1996) (statement of Sen. Patrick Leahy)). Here, however, Plaintiff has not demonstrated that the records produced for the subject request, or any of the other requests in this case, were "un-

useable" in a rasterized form.[1] Plaintiff received digital PDFs that were already text searchable, and the insistence on "non-rasterized" PDFs addresses only the relative convenience of the digital files that Defendant ultimately produced to Plaintiff. *Cf.* ECF No. 111-2 at 4-5 (objecting that "rasterized" PDFs may lack some of the same features of the original record or that errors engendered by optical character recognition may occur, but not that these errors render the documents categorically unusable).

**B. TSA is Not Required to Produce Non-Rasterized Records Simply Because It is "Technically Feasible"**

Plaintiff also appears to argue that whether the "form or format" demanded is "technically feasible" is sufficient to warrant requiring TSA to fulfill that demand. ECF No. 259 at 8. This Court has previously rejected the sufficiency of "technical feasibility" in this context, however, noting that the term "readily reproducible" is not synonymous with "technically feasible." *Long v. Immigr. & Customs Enf't*, 149 F. Supp. 3d 39, 55 (D.D.C. 2015) (quoting *Scudder v. CIA*, 25 F. Supp. 3d 19, 38 (D.D.C. 2014)). Rather than elevating "technical feasibility" as a consideration informing "form or format," courts have looked instead for "a detailed explanation by the agency regarding the time and expense of a proposed search in order to assess its reasonableness." *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (describing how agency may satisfy its obligations for summary judgment in FOIA case). When a defendant agency offers a showing as to "the burden of such a process, it is excused from complying with FOIA requests" that would otherwise extend to "a 'vast quantity of material.'" *Am. Fed'n of Gov't Emps., Loc. 2782 v. U.S. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990).

[1] In contrast, Defendant agreed to reproduce an Excel spreadsheet that was too small to be "useable" when processed via SecureRelease, which was one of the remaining issues following *Sai II* that the parties were able to resolve in the intervening six years.

Defendant's declaration in support of its motion for summary judgment satisfies the burden of production applicable here. In its declaration, Defendant showed that TSA would have to devote substantial time and effort to accommodate the demand for "non-rasterized" PDFs.[2] Defendant specifically demonstrated that re-processing the readacted pages alone would take substantial time and come at the expense of an already over-taxed FOIA Branch. *See* Callahan Decl., ECF No. 258-1, ¶ ¶ 7-25. Given that this burden would be in service of a purely technical requirement that Plaintiff wishes to impose on the agency, Defendant's position on this issue is reasonable. *See Black Hills Clean Water All. v. United States Forest Serv.*, No. 20-cv-5034, 2022 WL 2340440, at *14 (D.S.D. June 29, 2022) (noting agency's declaration "showed that under *the exigencies applicable at the time of production*, the 23,000 pages were not readily reproducible in that form or format" (emphasis added)); *cf. Rubman v. U.S. Citizenship & Immigr. Servs.,* 800 F.3d 381, 387 (7th Cir. 2015) ("Reasonableness is a flexible and context-dependent standard.").

### C. Defendant Has Carried the Burden of Demonstrating Compliance with the FOIA

In a FOIA action, the agency bears the burden to demonstrating its compliance with the expectations of the FOIA, which it may do by relying "on declarations that are reasonably detailed and non-conclusory." *Pinson v. U.S. Dep't of Justice*, 245 F. Supp. 3d 225, 239 (D.D.C. 2017). "This burden does not shift even when the requester files a cross-motion for summary judgment," because "the Government ultimately has the onus" of demonstrating compliance with FOIA's requirements. *See Hardy v. ATF*, 243 F. Supp. 3d 155, 162 (D.D.C. 2017) (brackets omitted) (quoting *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904–05 (D.C. Cir. 1999)).

---

[2] Plaintiff's response does not address the fact that some records may only exist in a rasterized format, meaning strict adherence to Plaintiff's demand in every respect would be an impossibility as to those rasterized records.

Although this Court has previously faulted Defendant's declarations for failing to satisfy this standard, the most recent declaration provides the necessary specificity regarding the extent of the burden of producing the documents in the manner sought by Plaintiff, the alternatives that could be used, and the risks associated with the alternatives. *See* ECF No. 258-1, ¶¶ 10-25.

Plaintiff's counter-declaration does not demonstrate a dispute of material fact that would prevent summary judgment in this case. *See generally* Ackert Decl., ECF No. 259-1. Specifically, Julian Ackert does not contend that he has worked at TSA, is familiar with Defendant's obligations to protect Sensitive Security Information and privacy information or TSA's FOIA processing measures, or ever used TSA's processing software. Instead Ackert only his expertise in productions generally. In the FOIA context, where a declaration's foundation "'stems entirely from [agency] declarations, and his declaration is limited to broad assertions about . . . what he would expect someone with [agency] access to do when faced with a FOIA request'" like Plaintiff's, that declaration is insufficient to create a dispute regarding the matter's established by the agency's declaration. *Reclaim the Recs. v. United States Dep't of State*, No. 23-cv-1529, 2024 WL 3938296, at *8 (S.D.N.Y. Aug. 26, 2024). Such declarations are "not a substitute for the firsthand knowledge of" agency declarants "who have spent years" working with the issues presented. *Cf. In't Veld v. Dep't of Homeland Sec.,* 589 F. Supp. 2d 16, 17–21 (D.D.C. 2008) (granting summary judgment for DHS where plaintiff's "expert's affidavit [was] based on the erroneous assumption that DHS's data systems are the same as [other] data systems and because DHS submitted detailed affidavits describing an adequate search").

Additionally, the Ackert declaration makes no attempt to address the security concerns set forth in Defendant's brief and declaration. Rather, the Ackert declaration takes the implicit position that unless perfection is attainable, no effort to protect is worthwhile or justifiable should

a requestor make an incompatible production demand. To be sure, Ackert's Declaration does recite the steps involved in order to apply redactions to a PDF in Adobe Acrobat, and opines broadly that "[i]n my experience, redactions that are applied appropriately using current versions of Adobe Acrobat are typically secure." ECF No. 259-1 at 4, ¶ 14. But there is no foundation for this opinion (beyond Ackert's observation regarding Adobe's convention for numbering the versions of its application), and the declaration offers no reason to believe that recent iterations of the Adobe Acrobat program introduce improvements that defeat the risk of countermanding redactions that is attendant to non-rasterized PDFs, as Defendant established via a scientific study. *See id.* at 6-7. Finally, Acker has not reviewed the records to which this "form or format" requirement applies, *id.* at 2 (listing "Materials Reviewed"), further demonstrating that the Ackert declaration is speculative.

Finally, Plaintiff makes a single-paged demand for declaratory relief contending that TSA has a pattern and practice of violating FOIA and requesting an order permanently enjoining TSA from further violations of FOIA in light of "TSA's current policy with respect to rasterizations and redactions." ECF No. 259 at 13-14. But this request is much broader than the considerations attendant to "form or format" discussed above, as it seeks to apply when "a requestor seeks 'accessible' and 'machine-processable' documents," which is markedly different from the rasterization issue on which Plaintiff has focused the "form or format" analysis. Accordingly, this Court should decline Plaintiff's invitation to paint with a broader brush in a subject area where courts continue to disagree about how to apply the "form or format" requirement.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment should be granted and Plaintiff's motion for summary judgment denied.

Dated: November 25, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Jon Lemos*

Jon Lemos, FL Bar #1078710
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-1725

*Attorneys for the United States of America*